Aram Ordubegian (SBN 185142)
Andy S. Kong (SBN 243933)
**ARENT FOX LLP**
555 West Fifth Street, 48th Floor
Los Angeles, CA  90013-1065
Telephone:     213.629.7400
Facsimile:     213.629.7401
Email:          aram.ordubegian@arentfox.com
                andy.kong@arentfox.com

Attorneys for Richard J. Laski, Chapter 11 Trustee

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### LOS ANGELES DIVISION

| | |
|---|---|
| In re | Case No. 2:14-bk-21070-WB |
| **HOLY HILL COMMUNITY CHURCH,** | Chapter 11 |
| Debtor. | **CHAPTER 11 TRUSTEE'S SECOND MOTION FOR ORDER EXTENDING THE PERIOD WITHIN WHICH CHAPTER 11 TRUSTEE MAY REMOVE ACTIONS PURSUANT TO 28 U.S.C. § 1452 AND FEDERAL RULE OF BANKRUPTCY PROCEDURE 9027; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF RICHARD J. LASKI IN SUPPORT THEREOF** |

Hearing:

Date:      February 5, 2015
Time:      10:00 a.m.
Place:     Courtroom  1375
           255 East Temple Street
           Los Angeles, CA  90012

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

AFDOCS/11562855.1

**TO THE HONORABLE JULIA W. BRAND; AND ALL INTERESTED PARTIES:**

Richard J. Laski, the duly appointed Chapter 11 Trustee (the "Trustee") of the above-captioned debtor's (the "Debtor") bankruptcy estate, hereby moves this Court for entry of an order further extending the period within which the Trustee may remove actions pursuant to 28 U.S.C. § 1452 and Rule 9027 of the Federal Rules of Bankruptcy Procedure.  In support of this Motion, the Trustee respectfully represents as follows:

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.**

**BACKGROUND**

On June 5, 2014 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the Bankruptcy Code and Richard J. Laski was duly appointed as the chapter 11 trustee of the Debtor's estate on June 30, 2014.

As detailed in the Trustee's initial status conference report which is incorporated herein by this reference [see Dkt No. 89], the Debtor has a long and tortured history involving the control over, and the authority to act on behalf of, the Debtor and the Debtor's real property commonly known as 1111 West Sunset Boulevard, Los Angeles, California 90012 (the "Property") which has resulted in years of numerous state court lawsuits.  The Debtor's Statement of Financial Affairs filed on August 1, 2014 lists the lawsuits pending as of the commencement of this bankruptcy case (the "Actions").  The Statement of Financial Affairs is attached hereto as Exhibit "1".

This Court has previously granted the Trustee's request to extend the deadline within which the Trustee may remove actions pursuant to 28 U.S.C. § 1452 and Rule 9027 of the Federal Rules of Bankruptcy Procedure; that current deadline is December 31, 2014.  Since the Trustee's appointment, the Trustee has appeared at the status conferences in the Actions and has periodically updated the state court judge on this bankruptcy case, as requested.  While the state court judge would like to know whether the Actions will remain before him or be removed to this

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

AFDOCS/11562855.1

- 2 -

1    Court, the judge understands the urgency and importance of the proper administration of this

2    bankruptcy case.[1]

3    　　　In that regard, the Trustee recently executed a letter of intent for the sale of the Debtor's

4    real property, subject to overbid, commonly known as 1111 West Sunset Boulevard, Los Angeles,

5    California 90012 (the "Property") which letter of intent contains a confidentiality clause until the

6    parties execute an asset purchase agreement.  While the Trustee cannot disclose the proposed

7    purchase price or the stalking horse buyer's identity just yet, pursuant to the terms of the letter of

8    intent, a sale procedures motion will be filed on or before January 9, 2015.  At that time, the

9    proposed stalking horse buyer, the purchase price, and all other material terms will be disclosed.

10   The letter of intent contains the following deadlines: (a) a sale procedures order to be entered on

11   or before February 6, 2015; (b) order approving the sale to be entered on or before March 27,

12   2015; and (c) sale closing to occur on or prior to April 10, 2015.

13   　　　Accordingly, so that the Trustee can focus on and proceed with the sale of the Property,

14   the Trustee requests a further extension of that deadline for an additional 120 days through and

15   including April 30, 2015.  The removal and prosecution of the Actions at this juncture will

16   adversely impact the administration of this estate since it will take valuable time and resources

17   away from the sale.  Furthermore, the sale of the Property will have a direct impact on and may

18   moot most of the Actions.  The Trustee submits a further extension of the removal deadline is

19   necessary in order to efficiently administer the estate and sell the Property.  The Trustee will

20   continue to keep the state court judge updated of this bankruptcy case and the extended removal

21   deadline.

22   ## II.

23   ## <u>JURISDICTION</u>

24   　　　This Court has jurisdiction over this Motion pursuant to 28 U.S.C. § 1334.  This matter

25   is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the statutory predicates

26

27   [1] The Trustee did remove one state court action filed post-petition by Dana Park to this Court as adversary number
2:14-ap-01744-WB (the "Park Lawsuit").  After careful review of the post-petition lawsuit, the Trustee determined

28   that the Park Lawsuit can be easily dispatched since the issues in that action were already previously adjudicated; the
Trustee intends to file a motion for summary judgment shortly in that adversary proceeding.

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

AFDOCS/11562855.1

- 3 -

for the relief requested herein are 28 U.S.C. § 1452 and Rules 9006 and 9027 of the Federal Rules of Bankruptcy Procedure.

## III.

## RELIEF REQUESTED

By way of this Motion, the Trustee requests the entry of an order, pursuant to Bankruptcy Rule 9006(b), further extending the time by which he may file notices of removal with respect to civil actions pending as of the Petition Date from the current December 31, 2014 deadline to, and including, April 30, 2015 (the "Removal Deadline"). The Trustee requests that the Removal Deadline apply to all matters specified in Bankruptcy Rule 9027(a)(2)(A), (B), and (C). This Motion is without prejudice to the Trustee's right to seek further extensions of the Removal Deadline.

## IV.

## ARGUMENT

Section 1452 and Bankruptcy Rule 9027 govern the removal of pending civil actions. Specifically, Section 1452(a) provides:

> A party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's policy or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.

28 U.S.C. § 1452(a). Bankruptcy Rule 9027(a) further provides in pertinent part:

> If the claim or cause of action in a civil action is pending when a case under the Code is commenced, a notice of removal may be filed in the bankruptcy court only within the longest of (A) 90 days after the order for relief in the case under the code, (B) 30 days after entry of an order terminating a stay, if the claim or cause of action in a civil action has been stayed under § 362 of the Code, or (C) 30 days after a trustee qualifies in a chapter 11 reorganization case but not later than 180 days after the order for relief.

Fed. R. Bankr. P. 9027(a)(2).

Bankruptcy Rule 9006(b) provides that the court may extend unexpired time period, such as the Trustee's removal period, without notice:

> [W]hen an act is required or allowed to be done at or within a
> specified period by these rules or by a notice given thereunder or
> by order of court, the court for cause shown may at any time in its
> discretion … with or without motion or notice order the period
> enlarged if the request therefor is made before the expiration of the
> period originally prescribed or as extended by a previous order …

Fed. R. Bankr. P. 9006(b).

The Trustee submits that cause exists here for the relief requested. The Trustee is in the process of selling the Property and the removal and prosecution of the Actions at this most important juncture will adversely impact the administration of this estate since it will take valuable time and resources away from the sale. Moreover, the sale will directly impact and may moot most of the Actions. Accordingly, the extension of time for removing the Actions will assure the Trustee remains focused on the sale process, without forfeiting valuable rights under Section 1452. Upon closing of the sale, which is expected to be on or prior to April 10, 2015 (before the requested extended deadline), the Trustee will determine which of the Actions may need to be removed for the benefit of the estate.

The rights of the Debtor's adversaries will not be prejudiced by such an extension because any party to the Actions that is removed may later seek to have it remanded to the state court pursuant to 28 U.S.C. § 1452(b). The Trustee submits that his request to extend the deadline for removing the Actions is reasonable and practical in light of the present posture of this bankruptcy case and submits that the relief sought is in the best interest of the estate and creditor body. The Trustee will continue to keep the state court judge updated of this bankruptcy case and the extended removal deadline.

## V.

## CONCLUSION

**WHEREFORE**, based on the foregoing, the Trustee respectfully asks the Court for entry of an order: (a) further extending the period within which the Trustee may remove actions initiated prior to the Petition Date through and including April 30, 2015; (b) granting such order without prejudice to the Trustee's right to seek further extensions of the deadline; and (c) granting such other relief as the Court deems just and proper.

Dated: December 29 2014

Respectfully Submitted,

**ARENT FOX LLP**

By: */s/ Andy Kong*
    Aram Ordubegian
    Andy S. Kong
    Attorneys for Chapter 11 Trustee

### DECLARATION OF RICHARD J. LASKI

I, Richard J. Laski, declare that:

1.      I am the duly appointed and acting Chapter 11 Trustee (the "Trustee") of the bankruptcy estate (the "Estate") of Holy Hill Community Church, the above-captioned debtor (the "Debtor"). I have personal knowledge of the facts described herein and if called as a witness, I could and would testify competently thereto. I submit this declaration in support of the *Second Motion for Order Extending the Period Within Which Chapter 11 Trustee May Remove Actions Pursuant to 28 U.S.C. § 1452 and Federal Rule of Bankruptcy Procedure 9027* (the "Motion"). All capitalized terms used herein shall have the meaning ascribed to them in the Motion unless otherwise defined.

2.      The factual allegations in support of the Motion are set forth in Section I of the foregoing Motion. I have reviewed and discussed these facts with my counsel and based upon such review and discussion, believe them to be true and correct to the best of my knowledge, information, and belief.

3.      A true and correct copy of the Debtor's Statement of Financial Affairs filed on August 1, 2014 is attached hereto as Exhibit "1".

4.      I believe ample cause exists here for the relief requested in the Motion. I am in the process of selling the Property and the removal and prosecution of the Actions at this most important juncture will adversely impact the administration of this estate since it will take valuable time and resources away from the sale. Moreover, the sale will directly impact and may moot most of the Actions. Accordingly, the extension of time for removing the Actions will assure that I can remain focused on the sale process, without forfeiting valuable rights under Section 1452. Upon closing of the sale, which is expected to be on or prior to April 10, 2015 (before the requested extended deadline), I will determine which of the Actions may need to be removed for the benefit of the estate.

5.      The rights of the Debtor's adversaries will not be prejudiced by such an extension because any party to the Actions that is removed may later seek to have it remanded to the state court pursuant to 28 U.S.C. § 1452(b).

6.      Based upon the foregoing and for all the reasons set forth in the Motion, I submit that the request to extend the deadline for removing the Actions is reasonable and practical in light of the present posture of this bankruptcy case and that the relief sought is in the best interest of the estate and creditor body.

7.      I will continue to keep the state court judge updated of this bankruptcy case and the extended removal deadline.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 29th day of December 2014, at Pasadena, California.

RICHARD J. LASKI

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

# EXHIBIT 1

B 7 (Official Form 7) (4/13)

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA

In re: *Holy Hill Community Church,*
    *a Corporation*

Case No. *2:14-bk-21070 WB*

        (if known)

_____
Debtor

## STATEMENT OF FINANCIAL AFFAIRS

This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs. To establish payments, transfers and the like to minor children, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. § 112 and Fed. R. Bankr. P. 1007(m).

Questions 1-18 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 19-25. If the answer to an applicable question is "None," mark the box labeled "None." If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

### *DEFINITIONS*

"In business." A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within the six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed full-time or part-time. An individual debtor my also be "in business" for the purpose of this form if the debtor engages in a trade, business, or other activity, other than as an employee, to supplement income from the debtor's primary employment.

"Insider." The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any persons in control of a corporation debtor and their relatives; affiliates of the debtor and insiders of such affiliates; any managing agent of the debtor. 11 U.S.C. §101(2), (31).

---

**1. Income from employment or operation of business**

None ☐   State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the two years immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

AMOUNT                       SOURCE

*Year to date:*                *Unknown*
   *Last Year:*
*Year before:*

---

**2. Income other than from employment or operation of business**

None ☒   State the amount of income received by the debtor other than from employment, trade, profession, operation of the debtor's business during the two years immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

---

Case 2:14-bk-21070-WB    Doc 167    Filed 12/29/14    Entered 12/29/14 20:07:07    Desc

B7 - (Official Form 7) (4/13)    Case 2:14-bk-21070-WB    Main Document 08/01 Page Entered 08/01/14 11:46:19    Desc
Main Document    Page 43 of 55

### 3. Payments to creditors

None ☒  Complete a. or b., as appropriate, and c.

a. Individual or joint debtor(s) with primarily consumer debts: List all payments on loans, installment purchases of goods or services, and other debts to any creditor, made within 90 days immediately preceding the commencement of this case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $600. Indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and creditor counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

None ☒  b. Debtor whose debts are not primarily consumer debts: List each payment or other transfer to any creditor made within 90 days immediately preceding the commencement of this case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $6,225*. If the debtor is an individual, indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and creditor counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments and other transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

* Amounts are subject to adjustment on 4/01/16, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

None ☒  c. All debtors: List all payments made within one year immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

### 4. Suits and administrative proceedings, executions, garnishments and attachments

None ☐  a. List all suits and administrative proceedings to which the debtor is or was a party within one year immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|
| Rosenberg v Holy Hill Community Church Case No.:BC389566 | Unknown | LASC | Abstract of Judgment entered 5/12/2009 |
| Holy Hill Community Church v Simi Valley Shopping Center Case No.: BC321267 | Litigation | LASC | Judgment entered |
| 1111 Sunset Blvd, LP v Holy Hill Case No.: BC440813 | ` | LASC | Pending |
| Western California Presbytery v Dong Sub Bang Case No.: BC459793 | Litigation | LASC | |

Statement of Affairs - Page 2

10

B7 - (Official Form 7) (4.13)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|
| *Holy Hill Community Church, et al. vs JB Sunset Partnership, et al. Case No.: BC489602* | *Quiet Title Action* | *LASC* | *Judgment entered on 11/25/2013* |
| *Holy Hill Community Church v La Sa-Rang Community Church, et al Case No.: BC487186* | *UD/Commercial Action* | *LASC* | *Judgment entered on 09/19/2013* |
| *Shepherd University v Holy Hill Community Church, et al. Case No.: BC475054* | *Other Real property Rights Case* | *LASC* | *Judgment entered on 11/06/2013* |
| *Holy Hill Community Church v Beverly Hills Real Estate Invest, et al. Case No.:469681* | *Quiet Title Action* | *LASC* | *Case dismissed on 07/30/2013* |
| *HHCC v Bar Zemer Case No.: BC520596* | *Other real property rights* | *LASC* | *Pending* |
| *Wilshire Escrow Company v HHCC, et al. Case No.:BC537444* | *Interpleader* | *LASC* | *Pending* |
| *HHCC v Parker Shumaker Mills et al. Case No.:BC542024* | *Breach of duty* | *LASC* | *Pending* |

None
☒    b. Describe all property that has been attached, garnished or seized under any legal or equitable process within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

**5. Repossessions, foreclosures and returns**

None
☒    List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

Statement of Affairs - Page 3

B7 - (Official Form 7) (4/13)

### 6. Assignments and receiverships

None
☒
a. Describe any assignment of property for the benefit of creditors made within 120 days immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

None
☒
b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

### 7. Gifts

None
☒
List all gifts or charitable contributions made within one year immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

### 8. Losses

None
☒
List all losses from fire, theft, other casualty or gambling within one year immediately preceding the commencement of this case or since the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

### 9. Payments related to debt counseling or bankruptcy

None
☒
List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of a petition in bankruptcy within one year immediately preceding the commencement of this case.

### 10. Other transfers

None
☒
a. List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within two years immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

None
☒
b. List all property transferred by the debtor within ten years immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a benificiary.

### 11. Closed financial accounts

None
☒
List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within one year immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

Statement of Affairs - Page 4

B7 - (Official Form 7) (4/13)

### 12. Safe deposit boxes

None  List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within one year immediately preceding
 the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether
or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

---

### 13. Setoffs

None  List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within 90 days preceding the commencement of this case.
 (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless
the spouses are separated and a joint petition is not filed.)

---

### 14. Property held for another person

None  List all property owned by another person that the debtor holds or controls.


---

### 15. Prior address of debtor

None  If the debtor has moved within three years immediately preceding the commencement of this case, list all premises which the debtor occupied during that
 period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

---

### 16. Spouses and Former Spouses

None  If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada,
 New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within eight years immediately preceding the commencement of the case, identify the name of
the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

---

### 17. Environmental Information

None  For the purpose of this question, the following definitions apply:


"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances,
wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the
cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the
debtor,
including, but not limited to disposal sites.

"Hazardous Material" means anything defined as hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or
similar termunder an Environmental Law:

a. List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable
under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law:

---

None  b. List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the
 governmental unit to which the notice was sent and the date of the notice.

B7 - (Official Form 7) (4/13)

| None | |
|---|---|
| ☒ | c. List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law, with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number. |

---

**18. Nature, location and name of business**

| None | |
|---|---|
| ☐ | a. If the debtor is an individual, list the names, addresses, taxpayer-identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partner in a partnership, sole proprietor, or was self-employed in a trade, profession, or other activity either full- or part-time within six years immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within six years immediately preceding the commencement of this case. |

If the debtor is a partnership, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses    in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within six years immediately preceding the commencment of this case.

If the debtor is a corporation, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses    in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within six years immediately preceding the commencment of this case.

| NAME | LAST FOUR DIGITS OF SOCIAL-SECURITY OR OTHER INDIVIDUAL TAXPAYER-I.D. NO. (ITIN)/ COMPLETE EIN | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
|---|---|---|---|---|
| *Holy Hill Community Church a Corporation* | *TaxPayer ID: 95-4524190* | *1111 West Sunset Boulevard*<br><br>*Los Angeles CA, 90012* | | |

---

| None | |
|---|---|
| ☒ | b. Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101. |

B7 - (Official Form 7) (4/13)

*[If completed on behalf of a partnership or corporation]*

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct to the best of my knowledge, information, and belief.

Date  _07/31/2014_____          Signature  _/s/_____

                                                            _____
                                                            Print Name and Title

[An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.]

_____continuation sheets attached

*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years or both, 18 U.S.C. §§ 152 and 3571.*

Statement of Affairs - Page 7

15

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
Arent Fox LLP, Gas Company Tower, 555 West Fifth Street, 48th Floor, Los Angeles, CA 90013.

A true and correct copy of the foregoing document entitled:(specify): **CHAPTER 11 TRUSTEE'S SECOND MOTION FOR ORDER EXTENDING THE PERIOD WITHIN WHICH CHAPTER 11 TRUSTEE MAY REMOVE ACTIONS PURSUANT TO 28 U.S.C. § 1452 AND FEDERAL RULE OF BANKRUPTCY PROCEDURE 9027; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF RICHARD J. LASKI IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (date) 12/29/2014_____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (date) 12/29/2014_____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (date) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 12/29/2014 | AMANDA KYERETWIE | /s/ Amanda Kyeretwie |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                    **F 9013-3.1.PROOF.SERVICE**

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:

Richard T Baum on behalf of Debtor Holy Hill Community Church
rickbaum@hotmail.com, rickbaum@ecf.inforuptcy.com

Bernard D Bollinger, Jr on behalf of Creditor 1111 Sunset, LLC and Downtown Capital, LLC
bbollinger@buchalter.com, IFS_filing@buchalter.com;smartin@buchalter.com

Bernard D Bollinger, Jr on behalf of Creditor Downtown Capital, LLC
bbollinger@buchalter.com, IFS_filing@buchalter.com;smartin@buchalter.com

Bernard D Bollinger, Jr on behalf of Interested Party Courtesy NEF
bbollinger@buchalter.com, IFS_filing@buchalter.com;smartin@buchalter.com

J Scott Bovitz on behalf of Creditor Andrew Kim
bovitz@bovitz-spitzer.com

J Scott Bovitz on behalf of Creditor Jong Chun Suh
bovitz@bovitz-spitzer.com

Jaenam J Coe on behalf of Debtor Holy Hill Community Church
coelaw@gmail.com

M Douglas Flahaut on behalf of Trustee Richard J Laski (TR)
flahaut.douglas@arentfox.com

David B Golubchik on behalf of Interested Party Courtesy NEF
dbg@lnbyb.com, dbg@ecf.inforuptcy.com;stephanie@lnbyb.com

Melanie Scott Green on behalf of U.S. Trustee United States Trustee (LA)
Melanie.green@usdoj.gov

Michelle S Grimberg on behalf of Creditor Alpine Parking Services, LLC
msg@lnbrb.com, angela@lnbrb.com

Andy Kong on behalf of Interested Party Courtesy NEF
Kong.Andy@ArentFox.com

Andy Kong on behalf of Plaintiff Dana Park
Kong.Andy@ArentFox.com

Andy Kong on behalf of Trustee Richard J Laski
Kong.Andy@ArentFox.com

Andy Kong on behalf of Trustee Richard J Laski (TR)
Kong.Andy@ArentFox.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                 **F 9013-3.1.PROOF.SERVICE**

Richard J Laski (TR)
rlaski@wilshirellc.com

Kenneth G Lau on behalf of U.S. Trustee United States Trustee (LA)
kenneth.g.lau@usdoj.gov

Won Lee on behalf of Debtor Holy Hill Community Church
dc5law@gmail.com

Matthew A Lesnick on behalf of Interested Party Courtesy NEF
matt@lesnickprince.com, tmims@lesnickprince.com;matt@ecf.inforuptcy.com

Aram Ordubegian on behalf of Interested Party Courtesy NEF
ordubegian.aram@arentfox.com

David J Richardson on behalf of Creditor Parker Shumaker Mills, LLP
drichardson@sulmeyerlaw.com, drichardson@ecf.inforuptcy.com

David J Richardson on behalf of Interested Party Courtesy NEF
drichardson@sulmeyerlaw.com, drichardson@ecf.inforuptcy.com

Victor A Sahn on behalf of Creditor Law Offices of Carl J. Sohn
vsahn@sulmeyerlaw.com,
agonzalez@sulmeyerlaw.com,agonzalez@ecf.inforuptcy.com;asokolowski@sulmeyerlaw.com;vsahn
@ecf.inforuptcy.com

Victor A Sahn on behalf of Creditor Parker Shumaker & Mills
vsahn@sulmeyerlaw.com,
agonzalez@sulmeyerlaw.com,agonzalez@ecf.inforuptcy.com;asokolowski@sulmeyerlaw.com;vsahn
@ecf.inforuptcy.com

Victor A Sahn on behalf of Creditor Parker Shumaker Mills, LLP
vsahn@sulmeyerlaw.com,
agonzalez@sulmeyerlaw.com,agonzalez@ecf.inforuptcy.com;asokolowski@sulmeyerlaw.com;vsahn
@ecf.inforuptcy.com

Victor A Sahn on behalf of Interested Party Courtesy NEF
vsahn@sulmeyerlaw.com,
agonzalez@sulmeyerlaw.com,agonzalez@ecf.inforuptcy.com;asokolowski@sulmeyerlaw.com;vsahn
@ecf.inforuptcy.com


Alla Tenina on behalf of Broker LBC Solutions
sashavk_1@yahoo.com, alex@teninalaw.com;alla@teninalaw.com
United States Trustee (LA)
ustpregion16.la.ecf@usdoj.gov

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                    F 9013-3.1.PROOF.SERVICE

Michael L Wachtell on behalf of Creditor 1111 Sunset, LLC and Downtown Capital, LLC
mwachtell@buchalter.com

Scott L Whitman on behalf of Interested Party Courtesy NEF
slw@mwlegal.com, holly@mwlegal.com

Vanessa H Widener on behalf of Interested Party Courtesy NEF
vhw@amclaw.com, lmg@amclaw.com

Clarisse Young on behalf of Interested Party Courtesy NEF
youngshumaker@smcounsel.com, levern@smcounsel.com

## 2. <u>SERVED BY UNITED STATES MAIL</u>:

### <u>JUDGE</u>

Honorable Julia W. Brand
United States Bankruptcy Court
255 E. Temple Street, Suite 1382
Los Angeles, CA 90012

### <u>REQUEST FOR SPECIAL NOTICE</u>

W Dan Lee on behalf of Debtor Holy Hill Community Church
Lee Law Offices
5670 Wilshire Blvd Ste 2150
Los Angeles, CA 90036

### <u>20 LARGEST UNSECURED CREDITORS</u>

Albert K. Shin
12673 Eight St.
Garden grove, CA 92840

Chanhyo Tak
8346 Charloma Dr.
Downey, CA  90240

Chinhwa Jung
5755 Corbett Street
Los Angeles, CA 90016

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                **F 9013-3.1.PROOF.SERVICE**

Edwin M. Rosenberg
3435 Wilshire Boulevard, Suite 2360
Los Angeles, CA 90010-2089


Henry W. Owh
13116 Avenida Santa Tecla
La Mirada, CA 90638

Parker, Shumaker & Mills
Attn:  William Mills & Gina Leago
801 S. Figueroa Street, Suite 1200
Los Angeles, CA 90017

Law Offices of Carl James Sohn
On behalf of: James C. Oh, Chan Hyo Tak; Mae Ja Tak;
Sungyeol Yim; Sangnam Kim; Kon Kyu Yu and Sun Yim Yu;
Henry Hae Hoon Owh; Joyoung Bang; Kwang Chul Shin; Soil Jang
and Joongchil Kim
11900 Shasta Circle
Cerritos, CA 90703

Law Offices of Carl James Sohn
11900 Shasta Circle
Cerritos, CA 90703

Moonkyu Yu
2049 Wilshire Ave
Hacienda Heights, CA 91745

Simi Valley Shopping Center
c/o 1111 Sunset Blvd LLC
1855 Industrial Street, Suite 106
Los Angeles, CA 90021

**INTERESTED PARTIES**

Dana Park
Beverly Hills Real Investment LLC
1021 W. Oak Hills Ct,
La Habra, CA 90631-2039

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                              **F 9013-3.1.PROOF.SERVICE**

1111 Sunset Blvd LP
Buchalter Nemer
Attn:  Michael Wachtell, Esq.
1000 Wilshire Blvd., Suite 1500
Los Angeles, CA 90017-1730

Downtown Capital LLC
Buchalter Nemer
Attn:  Michael Wachtell, Esq.
1000 Wilshire Blvd., Suite 1500
Los Angeles, CA 90017-1730

JB Sunset Partnership
c/o The Dreifuss Firm
Attn:  Bruce Dannemeyer, Esq.
7700 Irvine Center Drive, Suite 710
Irvine, Ca 92618-3043

Shepherd University
3200 N. San Fernando Rd
Los Angeles, Ca 90065-1415

Matthew A. Lesnick
Lesnick Prince & Pappas LLP
185 Pier Avenue, Suite 103
Santa Monica, Ca  90405

LA Sarang
5100 Wilshire Blvd.
Los Angeles, CA 90036

Scott L. Withman
Scott L. Whitman, Inc. APLC, on behalf of Wilshire Escrow Company
5670 Wilshire Blvd., Suite 2170
Los Angeles, CA 90036

Beverly Hills Real Estate Investments, Inc.
c/o Kimberly Tiscareno, Agent for Service of Process
9465 Wilshire Blvd, Ste. 300
Beverly Hills, Ca 90212

The Western California Presbytery
c/o Jong Yoon Jung, Agent for Service of Process
681 S Bonnie Brae, St. #721
Los Angeles Ca 90057

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                           **F 9013-3.1.PROOF.SERVICE**

Korean American Presbyterian Church
c/o Oon Young Lee, Agent for Service of Process
929 S Westlake Ave
Los Angeles Ca 90006

The Western Presbytery of Korean Presbyterian Church in U. S. A.
c/o Shin Kim
100 Hurlbut, St #13
Pasadena, CA 91105

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                    **F 9013-3.1.PROOF.SERVICE**