Aram Ordubegian (SBN 185142)
Andy S. Kong (SBN 243933)
**ARENT FOX LLP**
555 West Fifth Street, 48th Floor
Los Angeles, CA 90013-1065
Telephone: 213.629.7400
Facsimile: 213.629.7401
aram.ordubegian@arentfox.com
andy.kong@arentfox.com

Attorneys for Chapter 11 Trustee,
Richard J. Laski

**FILED & ENTERED**

**MAY 06 2015**

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY** beaucham **DEPUTY CLERK**

**CHANGES MADE BY COURT**

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br>**HOLY HILL COMMUNITY CHURCH**,<br>                 Debtor. | Case No. 2:14-bk-21070-WB<br>Chapter 11<br>**ORDER APPROVING AND AUTHORIZING (A) PROCEDURES IN CONNECTION WITH THE PROPOSED SALE OF PROPERTY OF THE ESTATE, (B) STALKING HORSE BID PROTECTIONS, (C) ADVANCE FROM STALKING HORSE BIDDER, (D) FORM AND MANNER OF NOTICE OF THE SALE HEARING, AND (E) RELATED RELIEF**<br><br>Sale Procedures Hearing:<br>Date: April 9, 2015<br>Time: 10:00 a.m.<br>Place: Courtroom 1375<br>       255 E. Temple St.<br>      Los Angeles, CA 90012 |

Upon the portion of the motion (the "Sale Procedures Motion")[1] of Richard J Laski, Chapter 11 Trustee (the "Trustee") of the chapter 11 estate (the "Estate") of Holy

---

[1] All capitalized terms used but otherwise not defined herein shall have the meanings set forth in the Sale Procedures Motion.

Hill Community Church (the "Debtor") in the above-captioned chapter 11 case, for entry of an order (the "Order") approving and authorizing (a) bidding procedures in connection with the sale of property of the Estate, (b) stalking horse bid protections, (c) advance from stalking horse bidder, (d) the form and manner of notice of the sale hearing, and (e) other related relief, pursuant to sections 105(a), 363, 364, 365, 503, 507 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2002, 4001, 6004, 6006 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 2002-1, 4001-2 and 6004-1 of the Local Bankruptcy Rules of the United States Bankruptcy Court for the Central District of California (the "Local Rules"); and this Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and this Court having found that the Sale Procedures Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that venue of this proceeding and the Sale Procedures Motion in this District is proper pursuant to 8 U.S.C. §§ 1408 and 1409; and a hearing having been held (the "Bidding Procedures Hearing"); and this Court having reviewed the Sale Procedures Motion, the exhibits thereto, the amendments to the Bidding Procedures, the objections and other related pleadings in response to the Sale Procedures Motion, and the arguments of counsel made and the evidence proffered or adduced, as applicable, at the hearing (the "Hearing") on the Sale Procedures Motion; and this Court having determined that the legal and factual bases set forth in the Sale Procedures Motion and at the Hearing establish just cause for the relief granted herein; and this Court having found that the relief requested in the Sale Procedures Motion is in the best interests of the Estate and its creditors and other parties in interest; and this Court having found the form and manner of notice of the Hearing is good, sufficient and appropriate under the

circumstances and that no other or further notice need be provided or is necessary; and after due deliberation and sufficient cause appearing therefor,

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

AFDOCS/12024746.1

**THE COURT HEREBY FINDS AND DETERMINES THAT[2]:**

1. **Bidding Procedures**. The Trustee has articulated good and sufficient reasons for authorizing and approving the Bidding Procedures attached hereto as <u>Exhibit 1</u> and is incorporated as an exhibit to this Order by reference, which are fair, reasonable and appropriate under the circumstances and represent the best method for maximizing the recovery on, and realizable value of, the Property.

2. **Right of First Refusal**. The Trustee has articulated good and sufficient cause for allowing 1111 Sunset, LLC, a California limited liability company (the "Stalking Horse Bidder") to match and enhance the original proposed stalking horse offer from the Initial Bidder (defined below) for the benefit of the Estate and thereby become the Stalking Horse Bidder. The Stalking Horse Bidder has agreed on the record that the Trustee adequately complied with the Stalking Horse Bidder's alleged right of first refusal and that the Stalking Horse Bidder will not have any right of first refusal in overbidding at the Auction or after the Auction is concluded and the highest and best bid at the Auction (as determined by the Trustee) shall not be subject to any further Right of First Refusal.

3. **Break-Up Fee**. The Break-Up Fee: (i) shall, if triggered, be deemed an actual and necessary cost and expense of preserving the Estate, within the meaning of sections 503 and 507(b) of the Bankruptcy Code; (ii) is of substantial benefit to the Estate; (iii) is reasonable and appropriate, including in light of the size and nature of the Sale and the efforts that have been or will be expended by the Stalking Horse Bidder notwithstanding that the proposed Sale is subject to higher and better offers for the Property; (iv) was negotiated by the parties at arms'-length and in good faith; (v) was a material inducement for, and express conditions of the Stalking Horse Bidder's willingness to enter into the Purchase and Sale Agreement dated April 2, 2015 (the "1111 Sunset Agreement"); and (vi) is necessary to ensure that the Stalking Horse Bidder will

---

[2] The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent that any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent that any of the following conclusions of law constitute findings of fact, they are adopted as such.

continue to pursue its proposed acquisition of the Property.  The Break-Up Fee is commensurate with the real and substantial post-petition benefits conferred upon the Estate by the Stalking Horse Bidder and constitutes actual and necessary costs and expenses incurred by the Estate in preserving the value of the Estate within the meaning of section 503(b) of the Bankruptcy Code.

4. **Good Faith Deposit**.  The Good Faith Deposit shall be Four Million Dollars ($4,000,000.00) pursuant to the terms and conditions of the Bidding Procedures attached hereto as Exhibit 1.

5. **Deposit Agreement**.  The Sale Procedures Motion, this Order, Paragraph 4b of that certain Letter of Intent, dated January 16, 2015 by and among the Trustee, Cerberus Real Estate Capital Management, LLC and Harridge Development Group, LLC (collectively, the "Initial Bidder"), a copy of which is attached hereto as Exhibit 2 (the "LOI"), and any portion of the Liquidated Damages Amount (as such term is defined in the Initial Purchase Agreement) advanced pursuant to Section 11.2 of the terms of the Initial Purchase Agreement (the "Initial Bidder's Advances"), are in the best interests of the Estate and comply with the requirements of 11 U.S.C. § 364 in all respects and the Initial Bidder's claim for return of such Initial Bidder's Advances, together with interest thereon, on the terms set forth in the LOI and the Initial Purchase Agreement, shall be secured by a junior lien on the estate's assets and administrative priority ahead of all other costs of administration are in the best interests of the Estate.  The Initial Bidder's Advances comply with the requirements of 11 U.S.C. § 364 in all respects.  The Initial Bidder is a good faith lender entitled to the protections of Section 364(e) with respect to the Initial Bidder's Advances.

Within two business days of the date of entry of this Order, all of the Initial Bidders' Advances shall be repaid in full, with interest, on the terms set forth in the LOI and the Initial Purchase Agreement and pursuant to instructions provided in writing by the Initial Bidder.  In addition, the Initial Bidder is entitled to the immediate return of the portion of the Initial Bidder's purchase deposit not used to fund the Initial Bidder's

Advances, because the Initial Bidder was replaced as the opening bidder by the Stalking Horse Bidder.

6.     **Maintenance Advance Amount**. The Sale Procedures Motion, this Order and any portion of the Maintenance Advance Amount (as such term is defined in the 1111 Sunset Agreement) advanced by the Stalking Horse Bidder and used by the Trustee to repay the Initial Bidder's Advances and/or maintain the Property (the "Stalking Horse's Advance") is in the best interest of the Estate and comply with the requirements of 11 U.S.C. § 364 in all respects.  The Stalking Horse Bidder is a good faith lender entitled to the protections of Section 364(e) with respect to the Stalking Horse Bidder's Advance.

7.     **Sale Notice**.  The Sale Notice is reasonably calculated to provide all interested parties with timely and proper notice of the proposed Sale, including, without limitation:  (i) the date, time and place of the Auction (if one is held); (ii) the Bidding Procedures and the dates and deadlines related thereto; (iii) the objection deadline for the Sale Motion and the date, time and place of the Sale Hearing; (iv) reasonably specific identification of the Property; (v) instructions for promptly obtaining a copy of the Purchase and Sale Agreement (the "APA"); (vi) representations describing the Sale as being free and clear of liens, claims, interests and other encumbrances, with all such liens, claims, interests and other encumbrances attaching with the same validity and priority to the sale proceeds; and (vi) the commitment by the Stalking Horse Bidder (or another Successful Bidder arising from the Auction, if any) to assume certain liabilities of the Estate.

**NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:**

1.     The Motion is **GRANTED** subject to the modifications to the Bidding Procedures provided in Exhibit 1 attached hereto.

2.     The Sale Notice attached hereto as Exhibit 3 is approved and incorporated as an exhibit to this Order by reference.

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

- 5 -

AFDOCS/12024746.1

3. All objections to the relief requested in the Sale Procedures Motion that have not been withdrawn, waived or settled as announced to the Court at the hearing on the Sale Procedures Motion or by stipulation filed with the Court, are overruled.

**Bidding Procedures and Related Relief**

4. The Bidding Procedures attached hereto as Exhibit 1 are approved and incorporated to this Order by reference. The Bidding Procedures shall govern the submission, receipt and analysis of all bids relating to the proposed Sale, and any party desiring to submit a higher or better offer for the Property shall do so strictly in accordance with the terms of the Bidding Procedures and this Order. The Trustee is authorized to take any and all actions necessary or appropriate to implement the Bidding Procedures.

5. At the request of the Trustee and as provided in the 1111 Sunset Agreement, the Stalking Horse Bidder has provided and may in the future provide to the Trustee reports, studies, analyses or documentation relating directly or indirectly to the Property (collectively, the "Property Reports"). The Stalking Horse Bidder and the preparers of the Property Reports have not made any representations regarding the accuracy or completion of the Property Reports and the Trustee has committed that neither the Trustee nor any other bidder can or will rely on the Property Reports in any way. No potential bidder shall be permitted to have access to any Property Report unless the party being granted such access has irrevocably agreed that it shall not rely on such Property Reports and waives any and all claims of any kind and agrees to hold harmless, the Stalking Horse Bidder, the preparer of such Property Reports, the Trustee, and the Estate, and their respective agents, attorneys, professionals and employees.

6. Each and every bid submitted shall be deemed to reaffirm (a) Bidder's representation and warranty that the Bidder has not relied on any Property Report, (b) the Bidder's waiver and general release of any and all claims or causes of action of any kind based directly or indirectly on any Property Report, and (c) the Bidder's irrevocable agreement to hold harmless the Stalking Horse Bidder, the preparer of such Property

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

- 6 -

AFDOCS/12024746.1

Reports, the Trustee, and the Estate, and their respective agents, attorneys, professionals and employees from any claims or causes of action of any kind based directly or indirectly on the Property Reports.

7. By submitting a Bid, a Qualified Bidder shall be deemed to waive its right to pursue a substantial contribution claim under the Bankruptcy Code or any applicable law against the Estate in connection with the Bid, the Sale, or the Debtor's chapter 11 case.

8. The Stalking Horse Bidder is hereby precluded and estopped from exercising the right of first refusal in any overbidding at the Auction or subsequent to the conclusion of the Auction and the Trustee shall not offer a right of first refusal to the Stalking Horse Bidder at or after the conclusion of the Auction.

### Bid Protections

9. The Break-Up Fee in the amount of Three Hundred Thousand and No/100 Dollars ($300,000.00) which amount shall be inclusive of all expenses and costs incurred by the Stalking Horse Bidder, is approved on the terms set forth in the 1111 Sunset Agreement. The Estate is hereby authorized to pay any and all amounts owing to the Stalking Horse Bidder on account of the Break-Up Fee, which amount shall be no more than Three Hundred Thousand and No/100 Dollars ($300,000.00) inclusive of all expenses and costs, in accordance with the terms of the 1111 Sunset Agreement without further action or order by the Court.

10. The Break-Up Fee (if payable under the 1111 Sunset Agreement in accordance with its terms) shall be allowed superpriority administrative expense claims in the Estate's chapter 11 case pursuant to sections 503(b)(1) and 507(a)(2) senior to all other administrative expenses claims.

### Advances from the Initial Bidder and Stalking Horse Bidder

11.     The Court hereby finds that the Initial Bidder's Advances were and the Stalking Horse Bidder's Advance was necessary for the preservation of the assets of the Estate and that, despite his commercially reasonable efforts, the Trustee was not able to obtain financing on terms more favorable to the Estate. Therefore, the Initial Bidder's Advances in the amount of $300,000 and the Stalking Horse Bidder's Advance in the amount of up to $500,000, are approved and the balance of the Initial Bidder's Advances and the Stalking Horse Bidder's Advance, together with interest earned thereon as provided in the agreements, shall constitute a superpriority administrative priority claim entitled to priority ahead of all other administrative claims incurred under Bankruptcy Code sections 503(b) and 507.

12.     The Court also approves the grants to the Initial Bidder and the Stalking Horse Bidder a security interest in all of the Property to secure the Estate's obligations to the Initial Bidder and the Stalking Horse Bidder pursuant to the LOI, the Deposit Agreement and the 1111 Sunset Agreement and such security interests shall be perfected with no further action required to be taken by any party and shall secure the claim described in Paragraph 11 of this Order.

13.     Within two business days of the date of entry of this Order, all of the Initial Bidders' Advances shall be repaid in full, with interest, pursuant to instructions provided in writing by the Initial Bidder. In addition, the Initial Bidder is entitled to the immediate return of the portion of the Initial Bidder's purchase deposit not used to fund the Initial Bidder's Advances, because the Initial Bidder was replaced as the opening bidder by the Stalking Horse Bidder. Upon repayment of the Initial Bidder's Advances its security interest provised in paragraph 12 shall be extinguished.

### Miscellaneous

14.     The Trustee is authorized to execute and deliver all instruments and documents, and take such other action as may be necessary or appropriate to implement and effectuate the transactions contemplated by this Order.

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

- 8 -

AFDOCS/12024746.1

15. The Court finds that the requirements set forth in Local Rules 6004-1 and 9013-1 are hereby satisfied or waived.

16. Notwithstanding any applicability of Bankruptcy Rule 6004(h), 6006(d), 7062 or 9014, the terms and conditions of this Order shall be immediately effective and enforceable upon entry of this Order. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

17. This Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from, based upon or related to this Order.

*18.    **The sale hearing is set for May 22, 2015 at 10:00 a.m.***

###

Date: May 6, 2015

*Julia W Brand*
Julia W. Brand
United States Bankruptcy Judge

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

- 9 -

AFDOCS/12024746.1