1   Aram Ordubegian (SBN 185142)
    Andy S. Kong (SBN 243933)
2   **ARENT FOX LLP**
    555 West Fifth Street, 48th Floor
3   Los Angeles, CA 90013-1065
    Telephone:  213.629.7400
4   Facsimile:  213.629.7401
    aram.ordubegian@arentfox.com
5   andy.kong@arentfox.com

6   Attorneys for Richard J. Laski,
    Chapter 11 Trustee
7

8                **UNITED STATES BANKRUPTCY COURT**

9                **CENTRAL DISTRICT OF CALIFORNIA**

10                     **LOS ANGELES DIVISION**

11

12   In re                              Case No. 2:14-bk-21070-WB

13   **HOLY HILL COMMUNITY**            Chapter 11
     **CHURCH,**
14                                      **NOTICE OF MOTION AND MOTION**
            Debtor.                     **OF CHAPTER 11 TRUSTEE FOR**
15                                      **ORDER APPROVING SETTLEMENT**
                                        **AGREEMENT WITH PARKER MILLS**
16                                      **LLP; MEMORANDUM OF POINTS**
                                        **AND AUTHORITIES; DECLARATION**
17                                      **OF RICHARD J. LASKI IN SUPPORT**
                                        **THEREOF**
18
                                        *[No Hearing Required Unless Requested*
19                                      *Pursuant to L.B.R. 9013-1(o)]*

20        TO:  THE  HONORABLE  JULIA  W.  BRAND,  UNITED  STATES

21   BANKRUPTCY JUDGE; AND ALL INTERESTED PARTIES:

22        **PLEASE TAKE NOTICE THAT** Richard J. Laski, the chapter 11 trustee (the

23   "Trustee") of the above-captioned estate (the "Estate") will, and hereby does, move (the

24   "Motion") the Court, pursuant to rule 9019 of the Federal Rules of Bankruptcy Procedure,

25   for an Order approving the Settlement Agreement (the "Agreement") between the Estate

26   and Parker Mills LLP ("Parker Mills").  The Trustee and Parker Mills are hereinafter

27   sometimes collectively referred to as the "Parties".

28        This Motion is made on the grounds that the Compromise is in the best interest of

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES         AFDOCS/12070709.1

1   the Estate and is an exercise of the Trustee's reasonable business judgment. The

2   compromise that is the subject of this Motion will resolve Parker Mills' secured claim,

3   claim no. 11-1, in the amount of $883,195.21 (the "Proof of Claim") asserted against the

4   Estate (the "Compromise"). The Compromise will resolve any outstanding controversies

5   relevant to the Proof of Claim and any and all claims and controversies between the

6   Parties.

7       The terms and conditions of the Compromise are set forth in the Agreement which

8   is attached hereto as Exhibit "A". The Motion is based upon 11 U.S.C. §§ 105 and

9   323(a), Rule 9019(a) of the Federal Rules of Bankruptcy Procedure and Rule 9013-1 and

10  9019-1 of the Local Bankruptcy Rules; the annexed Memorandum of Points and

11  Authorities and the Declaration of Richard J. Laski; the Notice of the Motion which is

12  served upon all interested parties pursuant to Rule 2002(a) of the Federal Rules of

13  Bankruptcy Procedure; all pleadings and records on file herein; all matters which are

14  subject to judicial notice; and all other evidence which may be introduced at or prior to

15  any hearing on this Motion.

16      **PLEASE TAKE FURTHER NOTICE THAT** pursuant to Local Bankruptcy

17  Rule 9013-1(o)(1), you are hereby advised that unless an objection along with a request

18  for a hearing is properly filed and served within seventeen (17) days after the date of this

19  Notice, a proposed order will be lodged by the Trustee approving the proposed

20  Agreement, as more particularly described in the Motion. Any response or opposition to

21  the Motion shall be stated in writing, filed with the Court, and served on the following: the

22  United States Trustee at 915 Wilshire Blvd., Ste. 1850, Los Angeles, CA 90017; the

23  Trustee's counsel at the address noted in the upper left-hand corner of the first page of the

24  Motion; and all creditors and other parties in interest who are entitled to notice. If you fail

25  to file a written response within seventeen (17) days after the date of the service of this

26  Notice, the Court may treat such failure as a waiver of your right to oppose the Motion

27  and may grant the requested relief.

28      **WHEREFORE,** the Trustee respectfully requests this Court enter an order:

1.    Approving the Compromise as being in the best interest of the Estate and an
exercise of the Trustee's reasonable business judgment;

2.    Finding that the Compromise was entered into by the Parties is a good faith
settlement, and that the order approving the same is binding on the estate and all creditors
and parties-in-interest;

3.    Approving the form of the Agreement memorializing the terms of the
Parties' agreement, a copy of which is attached hereto as Exhibit "A";

4.    Determining that adequate notice of this Motion was provided to all
interested parties;

5.    Authorizing the Trustee to execute any and all documents necessary to
effectuate the Agreement that is the subject of this Motion; and

6.    Granting any and other further relief as may be just and proper.

DATED: May 14, 2015          **ARENT FOX LLP**


By: _____
ANDY S. KONG
Attorneys for Chapter 11 Trustee

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

AFDOCS/12070709.1

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## STATEMENT OF RELEVANT FACTS

**A.      Background Facts and the Secured Claim.**

1.      On June 5, 2014 (the "Petition Date"), Holy Hill Community Church (the "Debtor") filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court, Central District of California, Los Angeles Division, as bankruptcy case no. 2:14-bk-21070-WB.

2.      Richard J. Laski was duly appointed as the chapter 11 trustee of the Debtor's bankruptcy estate on or about June 30, 2014.

3.      The Debtor's primary asset is a parcel of real property located at 1111 Sunset Boulevard, Los Angeles, California (the "Real Property").

4.      In or about late 2010, a schism developed between various factions of the Debtor.  Specifically, two groups of parishioners – on the one hand, those who were loyal at the time to Pastor Bang, including Jun Ki Kim, Sang Yoon Cho, and Kwang Nam Kim (the "Bang Faction"); on the other hand, a group who Reverend Bang had ex-communicated, including Joong Chil Kim, Chan Hyo Tak, Sung Ho Lee, Sung Yeol Yim, Chung Hyun Ahn, Joong Hoon Kim and Moon Kyu Yu (the "Tak Faction") – each contended that their faction should serve as ruling elders of the church and thus, have the exclusive authority to control and manage the Debtor.

5.      On April 18, 2011, as a result of these disputes, the Western California Presbytery (the "WCP") brought an action against Pastor Bang and certain members of the Bang Faction, seeking declaratory and injunctive relief as well as an audit and accounting.  Four days later, Pastor Bang and the Bang Faction filed a cross complaint against the WCP and members of the Tak Faction, asserting causes of action for trespass, declaratory relief and intentional interference with prospective economic advantage.  This lawsuit, entitled *The Western California Presbytery, et al. v. Dong Sub Bang, et al.* (Los

- 4 -

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

AFDOCS/12070709.1

1   Angeles Superior Court Case No. BC459793), is hereinafter referred to as the "WCP

2   Action.

3          6.      On February 21, 2014, the Los Angeles Superior Court in the WCP Action

4   issued a Final Statement of Decision in favor of the defendants/cross complainants

5   (members of the Bang Faction) finding, *inter alia*, that defendants are the only ruling

6   elders of the Debtor and permanently enjoining the Tak Faction from acting on behalf of

7   the Debtor.

8          7.      The ensuing Judgment entered in favor of the Bang Faction in the WCP

9   Action is currently on appeal and has not been stayed at the time of execution of the

10  Agreement.

11         8.      Parker Mills became aware that the Real Property was subject to a non-

12  judicial foreclosure by Downtown Capital, LLC, a purported secured creditor of the

13  Debtor.  Prior to the filing of this bankruptcy case, Parker Mills successfully moved to set

14  aside a foreclosure sale that Downtown Capital purported to conduct on the Real Property.

15  After setting aside the foreclosure sale, Downtown Capital set a new foreclosure date.

16  When Parker Mills was not receiving sufficient assurance that the Debtor was going to

17  protect the Real Property from the foreclosure, Parker Mills prepared to file an

18  involuntary bankruptcy petition against the Debtor in order to protect creditors in this

19  bankruptcy case from losing value in the Real Property owing to the completion by

20  Downtown Capital of the foreclosure sale.

21         9.      Parker Mills filed a proof of claim, claim no. 11-1 (the "Proof of Claim"),

22  asserting a secured claim in the amount of $883,195.21 against the Debtor's bankruptcy

23  estate (the "Estate") arising out of Parker Mills' pre-petition representation of the Debtor

24  in various lawsuits including the WCP Action.

25         10.     The Trustee asserts that Parker Mills' Proof of Claim incorrectly and

26  inappropriately includes charges and interest for services rendered to the Debtor after the

27  Final Statement of Decision and Judgment in the WCP Action and/or that those charges or

28                                              - 5 -

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

1    interest incurred by Parker Mills after the Final Statement of Decision and Judgment

2    cannot be charged to the Debtor.  Parker Mills denies the Trustee's assertions.

3        11.    After extended discussions between the Parties and exchange of documents,

4    the Parties now desire to resolve the Proof of Claim as set forth below and in the

5    Agreement attached hereto as Exhibit "A".

6    **B.    Salient Terms of the Compromise.**[1]

7        12.    Within ten (10) business days of entry of an Approval Order that becomes a

8    final, non-appealable order, Parker Mills shall file an amended Proof of Claim in the

9    reduced secured amount of $805,295.75 [$883,195.21 minus $77,899.46] (the "Reduced

10   Claim Amount") and prepare, record, and/or file any other appropriate documents to

11   reflect this Reduced Claim Amount as may be requested by the Trustee.  The Reduced

12   Claim Amount shall not be entitled to post-petition interest or other charges.  For the

13   avoidance of doubt, other than the Reduced Claim Amount and except as otherwise set

14   forth in the Agreement, Parker Mills shall have no other claim(s) against the Estate other

15   than as set forth below.

16       13.    Through the date of execution of the Agreement, Parker Mills incurred

17   attorneys' fees and costs in this matter in the amount of $100,131.08 including fees and

18   costs for filing and successfully prosecuting the Motion for Appointment of a Chapter 11

19   Trustee in this bankruptcy case (the "Attorneys' Fee Claim"). Parker Mills has agreed to

20   reduce the Attorneys' Fee Claim by $17,565.54 for a reduced Attorneys' Fee Claim of

21   $82,565.54 (the "Reduced Attorneys' Fee Claim").  The Reduced Attorneys' Fee Claim

22   shall be added on to the Reduced Claim Amount.

23       14.    The Trustee is marketing the Real Property and anticipates selling it to a

24   bidder by the end of May, 2015 or early June.  Parker Mills shall receive the Reduced

25   Claim Amount at the closing of such sale and directly from the sale escrow.  A demand

26

27

28

---

[1] To the extent any term described in the Motion conflicts with the Agreement, the Agreement shall control. *See*
Exhibit "A".

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

AFDOCS/12070709.1

1   for repayment of its claim and reconveyance of its trust deed shall be transmitted by

2   escrow to Parker Mills.

3       15.   Other than the Reduced Claim Amount and the Reduced Attorneys' Fees

4   Claim, there shall be no other additions to the secured claim of Parker Mills in this case

5   and/or against the Real Property and Parker Mills waives any other claims or interests

6   against the Estate and the Real Property.

7       16.   The Compromise is subject to bankruptcy court approval, which by way of

8   the Motion the Trustee is now seeking.

9       17.   Each party to the Agreement acknowledges and agrees that the Agreement is

10  intended to constitute a full mutual general release of claims.

11  **II.**

12  **THE AGREEMENT IS IN THE BEST INTEREST OF THE ESTATE AND ITS**

13  **UNSECURED CREDITORS AND THUS SHOULD BE APPROVED**

14  **A.     Standards for Approval of Compromises of Claims.**

15      Federal Rule of Bankruptcy Procedure 9019(a) provides that on the trustee's

16  motion and after a hearing on notice to creditors, the trustee, as provided in Rule 2002(a),

17  and such other entities as the Court may designate, the Court may approve a compromise

18  or settlement.

19      The Supreme Court in Protective Committee for *Independent Stock Holders of TNT*

20  *Trailer Fairy, Inc. v. Anderson*, 390 U.S. 414, 425 (1968), held that a bankruptcy court, in

21  considering whether to approve a compromise, should apprise itself of all facts necessary

22  for an intelligent and objective opinion of the probabilities of ultimate success should the

23  claim be litigated.  It also explained that the court should form an educated estimate of the

24  complexity, expense and likely duration of such litigation, the possibility of collection on

25  any judgment that might be obtained, and all other factors relevant to a full and fair

26  assessment of the wisdom of the proposed compromise.  *See also In re A&C Prop.*, 784

27  F.2d 1377, 1380-84 (9th Cir. 1986), cert. denied, 479 S. Ct., 854 (1986).  The Court need

28  not, however, conduct an exhaustive investigation into the validity of the claims to be

1  compromised nor is the Court expected to conduct a mini-trial on the merits. *In re Walsh*

2  *Construction, Inc.,* 669 F.2d 1325, 1328 (9th Cir. 1982).

3       The purpose of any compromise agreement is to allow the trustee and the creditors

4  to avoid the expenses and burdens associated with litigating sharply contested claims. *In*

5  *re Walsh Construction, Inc.,* 669 F.2d 1325, 1328 (9th Cir. 1982) (citing *In re California*

6  *Assoc. Products*, 183 F.2d 946, 949-50 (9th Cir. 1950)). The law favors compromise and

7  not litigation for its own sake. *In re Blair*, 538 F.2d 849, 851 (9th Cir. 1976).

8       The Ninth Circuit in *A&C Properties*, reiterated that in determining the fairness,

9  reasonableness and adequacy of a proposed settlement agreement, a court should consider:

10  (1) the probability of success in litigation, (2) the difficulties, if any, to be encountered in

11  the matter of collection, (3) the complexity of the litigation involved and the expense,

12  inconvenience and delay necessarily attending it, and (4) the paramount interest of the

13  creditors and the proper deference to their reasonable views. Consideration of these

14  factors does not require the Court to decide questions of law and fact in the parties'

15  dispute, or to determine that the settlement is the best possible resolution; instead the

16  Court need only determine whether the settlement falls below the lowest point of the

17  range of reasonableness. *In re Schmitt*, 215 B.R. 417, 423 (B.A.P. 9th Cir. 1997).

18  **B.**    **The Agreement Should Be Approved Under Bankruptcy Rule 9019.**

19       Application of the foregoing standards to the Compromise before this Court

20  demonstrates that the Agreement is well above the lowest point in the range of

21  reasonableness and should therefore be approved. This Compromise allows the Trustee to

22  resolve the Proof of Claim to allow for an orderly sale process without incurring further

23  litigation costs or time delay for the benefit of the creditor body.

24       As noted above, the Trustee contends that Parker Mills' Proof of Claim incorrectly

25  and inappropriately includes charges and interest for services rendered to the Debtor after

26  the Final Statement of Decision and Judgment in the WCP Action and/or that those

27  charges or interest incurred by Parker Mills after the Final Statement of Decision and

28  Judgment cannot be charged to the Debtor. Parker Mills disputes the Trustee's assertions.

1   The Trustee's counsel has investigated the validity and amount of the Proof of

2   Claim, and while the Trustee ultimately could be successful in objecting to the Proof of

3   Claim, upon the consideration of: (1) the potential costs, complexities and uncertainty

4   involved in litigating such claim objection, which is intensively fact-based; and (2) the

5   resolutions reached between the Parties, the Trustee believes that the Agreement is a

6   reasonable settlement of the matter and is in the best interest of the Estate.  Indeed, given

7   the oversecured status of Parker Mills' claim, Parker Mills asserts that it is entitled to all

8   attorneys' fees and costs incurred post-petition and/or that Parker Mills has a right to

9   assert a substantial contribution claim against the Estate for, among other things, the

10  appointment of the chapter 11 trustee which benefited the Estate.  The Compromise,

11  therefore, is in the best interest of the Estate and a positive outcome under the

12  circumstances.

13      The Compromise allows for an orderly sale process of the Real Property and the

14  settlement resolves any and all claims and controversies between the Parties.  Given these

15  standards, the Trustee respectfully submits that the Agreement is clearly within the "range

16  of reasonableness" required by the Ninth Circuit and asks that the Court approve the

17  Agreement.

18                                  **III.**

19                  **<u>MANNER AND FORM OF NOTICE</u>**

20      The Trustee has given notice of this Motion to all known creditors and parties-in-

21  interest in this bankruptcy case pursuant to Rules 9019(a) and 2002(a)(3) of the Federal

22  Rules of Bankruptcy Procedure and Rules 9013-1 and 9019-1 of the Local Bankruptcy

23  Rules.  The Trustee believes that such notice constitutes adequate notice and opportunity

24  for a hearing pursuant to 11 U.S.C. § 102 and Local Bankruptcy Rule 9013-1 and requests

25  that such notice be approved by this Court as being adequate under all of the

26  circumstances.

27

28

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

AFDOCS/12070709.1

## IV.

## CONCLUSION

Based upon the foregoing, the Trustee asks the Court to approve the Agreement as a reasonable resolution to the pending disputes between the Parties.  The approval of this Motion is in the best interest of the Estate and its creditors, as specifically described herein.

**WHEREFORE**, the Trustee respectfully requests this Court to enter an order:

1.    Approving the Compromise between the Parties as being in the best interest of the Estate and as an exercise of the Trustee's reasonable business judgment;

2.    Finding that the Compromise was entered into by the Parties is a good faith settlement, and that the order approving the same is binding on the estate and all creditors and parties-in-interest;

3.    Approving the Agreement attached hereto as Exhibit "A";

4.    Determining that adequate notice has been provided to all interested parties;

5.    Authorizing the Trustee to execute any and all documents necessary to effectuate the Agreement; and

6.    Granting any other and further relief as may be just and proper.

DATED: May 14, 2015                   Respectfully Submitted,

                                      **ARENT FOX LLP**


                                      By: _____
                                          ANDY S. KONG
                                          Attorneys for Chapter 11 Trustee

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

AFDOCS/12070709.1

- 10 -

# DECLARATION OF RICHARD J. LASKI

I, Richard J. Laski, declare that:

1.     I am the duly appointed and acting Chapter 1 Trustee (the "Trustee") of the bankruptcy estate (the "Estate") of Holy Hill Community Church, the above-captioned debtor (the "Debtor"). I have personal knowledge of the facts described herein and if called as a witness, I can and will testify competently thereto. I submit this declaration in support of the annexed Motion (the "Motion"). Capitalized terms not explicitly defined herein shall have the meaning ascribed to them in the Motion.

2.     The factual allegations in support of the Motion are set forth in Section I of the foregoing Motion. I have reviewed and discussed these facts with my counsel and based upon such review and discussion, believe them to be true and correct to the best of my knowledge, information, and belief.

3.     Attached herein as Exhibit "A" is a true and correct copy of the Settlement Agreement that I reached with Parker Mills.

4.     While I believe that Parker Mills' Proof of Claim incorrectly and inappropriately includes charges and interest for services rendered to the Debtor after the Final Statement of Decision and Judgment in the WCP Action and/or that those charges or interest incurred by Parker Mills after the Final Statement of Decision and Judgment cannot be charged to the Debtor, Parker Mills vehemently disputes these contentions.

5.     Although my counsel and I believe that we would ultimately be successful in objecting to the Proof of Claim, upon the consideration of: (1) the potential costs, complexities and uncertainty involved in litigating such claim objection, which is intensively fact-based; and (2) the resolutions reached between the Parties, I submit that the Agreement is a reasonable settlement of the matter and is in the best interest of the Estate. Indeed, given the oversecured status of Parker Mills' claim, Parker Mills asserts that it is entitled to all attorneys' fees and costs incurred post-petition and/or that Parker Mills has a right to assert a substantial contribution claim against the Estate.

1      6.    For these reasons, and for those reasons stated in the attached Motion, I

2  request that the Court approve the Agreement in its entirety.

3      I declare under penalty of perjury under the laws of the United States of America

4  that the foregoing is true and correct.

5      Executed this 13 th day of May 2015, at Pasadena, California.

6

7                                      Richard J. Laski, Chapter 11 Trustee

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 12 -

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

# EXHIBIT A

## SETTLEMENT AGREEMENT

This Settlement Agreement ("Settlement Agreement") is entered into as of May
11, 2015, and is by and between Richard J. Laski, Chapter 11 Trustee (the "Trustee") of
the Estate of Holy Hill Community Church, on the one hand, and Parker Mills Mills LLP
("Parker Mills" and together with the Trustee, collectively referred to hereinafter as the
"Parties"), on the other hand.

### Recitals

WHEREAS, on June 5, 2014 (the "Petition Date"), Holy Hill Community Church
(the "Debtor") filed a voluntary petition for relief under chapter 11 of title 11 of the
United States Code in the United States Bankruptcy Court, Central District of California,
Los Angeles Division, as bankruptcy case no. 2:14-bk-21070-WB;

WHEREAS, Richard J. Laski was duly appointed as the chapter 11 trustee of the
Debtor's bankruptcy estate on or about June 30, 2014;

WHEREAS, the Debtor's primary asset is a parcel of real property located at
1111 Sunset Boulevard, Los Angeles, California (the "Real Property");

WHEREAS, in or about late 2010, a schism developed between various factions
of the Debtor. Specifically, two groups of parishioners – on the one hand, those who
were loyal at the time to Pastor Bang, including Jun Ki Kim, Sang Yoon Cho, and Kwang
Nam Kim (the "Bang Faction"); on the other hand, a group who Reverend Bang had ex-
communicated, including Joong Chil Kim, Chan Hyo Tak, Sung Ho Lee, Sung Yeol Yim,
Chung Hyun Ahn, Joong Hoon Kim and Moon Kyu Yu (the "Tak Faction") – each
contended that their faction should serve as ruling elders of the church and thus, have the
exclusive authority to control and manage the Debtor;

WHEREAS, on April 18, 2011, as a result of these disputes, the Western
California Presbytery (the "WCP") brought an action against Pastor Bang and certain
members of the Bang Faction, seeking declaratory and injunctive relief as well as an
audit and accounting. Four days later, Pastor Bang and the Bang Faction filed a cross
complaint against the WCP and members of the Tak Faction, asserting causes of action
for trespass, declaratory relief and intentional interference with prospective economic
advantage. This lawsuit, entitled *The Western California Presbytery, et al. v. Dong Sub
Bang, et al.* (Los Angeles Superior Court Case No. BC459793), is hereinafter referred to
as the "WCP Action;

WHEREAS, on February 21, 2014, the Los Angeles Superior Court in the WCP
Action issued a Final Statement of Decision in favor of the defendants/cross
complainants (members of the Bang Faction) finding, *inter alia*, that defendants are the
only ruling elders of the Debtor and permanently enjoining the Tak Faction from acting
on behalf of the Debtor;

1

AFDOCS/12053305.1

WHEREAS, the ensuing Judgment entered in favor of the Bang Faction in the WCP Action is currently on appeal and has not been stayed at the time of execution of this Settlement Agreement;

WHEREAS, Parker Mills became aware that the Real Property was subject to a non-judicial foreclosure by Downtown Capital, LLC, a purported secured creditor of the Debtor.  Prior to the filing of this bankruptcy case, Parker Mills successfully moved to set aside a foreclosure sale that Downtown Capital purported to conduct on the Real Property.  After setting aside the foreclosure sale, Downtown Capital set a new foreclosure date.  When Parker Mills was not receiving sufficient assurance that the Debtor was going to protect the Real Property from the foreclosure, Parker Mills prepared to file an involuntary bankruptcy petition against the Debtor in order to protect creditors in this bankruptcy case from losing value in the Real Property owing to the completion by Downtown Capital of the foreclosure sale;

WHEREAS, Parker Mills filed a proof of claim, claim no. 11-1 (the "Proof of Claim"), asserting a secured claim in the amount of $883,195.21 against the Debtor's bankruptcy estate (the "Estate") arising out of Parker Mills' pre-petition representation of the Debtor in various lawsuits including the WCP Action;

WHEREAS, the Trustee asserts that Parker Mills' Proof of Claim incorrectly and inappropriately includes charges and interest for services rendered to the Debtor after the Final Statement of Decision and Judgment in the WCP Action and/or that those charges or interest incurred by Parker Mills after the Final Statement of Decision and Judgment cannot be charged to the Debtor;

WHEREAS, Parker Mills denies the Trustee's assertions;

WHEREAS, after extended discussions between the Parties and exchange of documents, the Parties have agreed to settle all outstanding disputes between them pursuant to the terms of settlement stated herein; and

NOW, THEREFORE, in consideration of the mutual agreements and covenants hereinafter set forth, the Parties agree as follows:

<u>**Terms of Settlement Agreement**</u>

1.    **Recitals.**  The Recitals set forth above are incorporated herein by this reference.  The Recitals set forth above are not only recitals but form an integral part of this Settlement Agreement.

2.    **Consideration.**  In consideration for the fulfillment of the covenants and promises set forth herein, the Parties have agreed as follows:

a.    Within ten (10) business days of entry of an Approval Order that becomes a final, non-appealable order, Parker Mills shall file an amended Proof of Claim

2

in the reduced secured amount of $805,295.75 [$883,195.21 minus $77,899.46] (the "Reduced Claim Amount") and prepare, record, and/or file any other appropriate documents to reflect this Reduced Claim Amount as may be requested by the Trustee. The Reduced Claim Amount shall not be entitled to post-petition interest or other charges. For the avoidance of doubt, other than the Reduced Claim Amount and except as otherwise set forth in this Settlement Agreement, Parker Mills shall have no other claim(s) against the Estate other than as set forth below.

        b.      Through the date of execution of this Settlement Agreement, Parker Mills has incurred attorneys' fees and costs in this matter in the amount of $100,131.08 including fees and costs for filing and successfully prosecuting the Motion for Appointment of a Chapter 11 Trustee in this bankruptcy case (the "Attorneys' Fee Claim"). Parker Mills has agreed to reduce the Attorneys' Fee Claim by $17,565.54 for a reduced Attorneys' Fee Claim of $82,565.54 (the "Reduced Attorneys' Fee Claim"). The Reduced Attorneys' Fee Claim shall be added on to the Reduced Claim Amount.

        c.      The Trustee is marketing the Real Property and anticipates selling it to a bidder by the end of May, 2015 or early June. Parker Mills shall receive the Reduced Claim Amount at the closing of such sale and directly from the sale escrow. A demand for repayment of its claim and reconveyance of its trust deed shall be transmitted by escrow to Parker Mills and Parker Mills shall fill out the payment demand in the amounts described in this paragraph 2 and its subparts.

        d.      Other than the Reduced Attorneys' Fee Claim, and the amount set forth in paragraph 2(a), above, there shall be no other additions to the secured claim of Parker Mills in this case and/or against the Real Property and Parker Mills waives any other claims or interests against the Estate and the Real Property.

        3.      **Approval Order.** Upon the full execution of this Settlement Agreement, Trustee will promptly file a motion(s) and/or commence other appropriate proceedings with the Bankruptcy Court, whereby the Trustee shall request the Bankruptcy Court to issue an order approving and authorizing the terms and conditions of this Settlement Agreement ("Approval Order"). The Parties agree that the rights and obligations of the Parties arising under this Settlement Agreement are specifically conditioned upon entry of an Approval Order. The Parties agree to take such action and to execute any and all further documents that may be reasonably necessary or appropriate to effectuate the provisions of this Settlement Agreement.

        4.      **Releases by the Trustee.** Except for the rights and obligations created or preserved by this Settlement Agreement, and contingent upon full and timely performance of Parker Mills' obligations hereunder as well as the entry of an Approval Order as described in Section 3, above, Trustee, on behalf of the Estate, fully and forever generally releases, acquits and discharges Parker Mills, together with any and all of their past and present affiliates, parents, subsidiaries, predecessors, successors, employees, agents, partners, officers, directors, shareholders, members, insurers, attorneys, assigns, servants, heirs, executors, administrators and representatives (the "Parker Mills Released

AFDOCS/12053305.1

Parties"). The Releases described in this paragraph release Parker Mills from any and all claims, demands, rights, rights to fees of all kinds, causes of action, damages, losses, attorneys' fees and expenses, and costs of every kind and nature whatsoever, known or unknown, fixed or contingent, which the Estate ever had or now has against Parker Mills, without limitation. The Parties expressly agree that each and every Parker Mills Released Parties is a third party beneficiary of this Settlement Agreement.

     5.    **Releases by Parker Mills.** Except for the rights and obligations created or preserved by this Settlement Agreement, and contingent upon the entry of an Approval Order as described in Section 3, above, Parker Mills fully and forever generally releases, acquits and discharges the Trustee and the Estate, together with any and all of the Trustee's and/or the Estate's past and present affiliates, parents, subsidiaries, predecessors, successors, employees, agents, partners, officers, directors, shareholders, members, insurers, attorneys, assigns, servants, heirs, executors, administrators and representatives (the "Estate Released Parties"), from any and all claims, demands, rights, rights to fees of all kinds, causes of action, damages, losses, attorneys' fees and expenses, and costs of every kind and nature whatsoever, known or unknown, fixed or contingent, which Parker Mills ever had or now has against the Estate Released Parties, without limitation. The parties expressly agree that each and every Estate Released Party is a third party beneficiary of this Settlement Agreement.

     6.    **Waiver of California Civil Code § 1542.** The Trustee and Parker Mills acknowledge that they have read, considered and understand the provisions and significance of Section 1542 of the California Civil Code, which presently provides as follows:

     **"A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR."**

     The Trustee and Parker Mills expressly waive any and all rights they have or may have under Civil Code § 1542, as now worded or hereafter amended, with respect to the releases set forth in Sections 4 and 5, above. In connection with this waiver, the Trustee and Parker Mills acknowledge that they are aware that they may hereafter discover claims presently unknown or unsuspected or facts in addition to or different from those which they now know or believe to be true with respect to the claims, matters and causes of action released by this Settlement Agreement. Nevertheless, the Trustee and Parker Mills intend by this Settlement Agreement to release fully, finally and forever all matters released herein. In furtherance of such intention, the releases as set forth in this Settlement Agreement shall be and remain in effect as full and complete releases of such matters released herein notwithstanding the discovery or existence of any additional or different claims or facts relevant thereto. It is expressly understood and agreed that this waiver of Civil Code § 1542 and the releases set forth herein are material terms of this

4

Settlement Agreement, and were negotiated between and among the Trustee and Parker Mills.

7.  **Representations and Warranties.**  The Trustee and Parker Mills hereby represent and warrant to one another the following:

a.  that they have had the benefit and advice of independent counsel in connection with the settlement embodied in this Settlement Agreement;

b.  that this Settlement Agreement is executed without reliance on any statement, representation, promise, inducement, understanding, or agreement by or on behalf of any other party hereto or by or on behalf of any representative or agent employed by any of them, other than the matters expressly set forth herein;

c.  that no promise, inducement, understanding or agreement not expressed herein has been made to or with any party, and this Settlement Agreement contains the entire written agreement between the Parties;

d.  that this Settlement Agreement is the product of the efforts of the Parties and, as a result, it will not be construed, and no presumption will arise, based upon who drafted this Settlement Agreement;

e.  that no claim or obligation referred to or released in this Settlement Agreement has been assigned, transferred, hypothecated, pledged, mortgaged, or set over in any manner whatsoever, in whole or in part, to any third person, and each party to this Settlement Agreement has the sole and exclusive right to release all of the claims and obligations described and released in this Settlement Agreement;

f.  that, to the extent applicable, each of the Parties has all corporate power and authority to perform its/his/her obligations hereunder and to consummate the terms of this Settlement Agreement; and

g.  that the various headings in this Settlement Agreement are inserted for convenience only and shall not affect this Settlement Agreement or any provisions hereof.

8.  **Settlement Agreement Binds and Inures.**  This Settlement Agreement shall bind and inure to the benefit of the respective successors and assigns of the Parties.

9.  **Governing Law.**  This Settlement Agreement is executed and delivered within the County of Los Angeles, State of California.  This Settlement Agreement shall be governed by and interpreted under the United States Bankruptcy Code, the Federal Rules of Bankruptcy Procedure and, where appropriate, the laws of the State of California.

10.  **Jurisdiction.**  The Bankruptcy Court shall retain exclusive jurisdiction (subject only to the right of appeal) to resolve any and all disputes pertaining to this Settlement Agreement, including the enforcement of any of its terms.

AFDOCS/12053305.1

11.    **Attorneys' Fees.**  In any legal action or proceeding to enforce the terms of this Settlement Agreement, the prevailing party shall be entitled to recover its reasonable costs, expenses and attorneys' fees.

12.    **Entire Agreement.**  This Settlement Agreement represents the entire agreement between the Parties and supersedes all prior agreements and discussions. There are no warranties, representations, agreements, promises or terms other than set forth herein.

13.    **Waiver, Novation, Modification and Amendment.**  The terms of this Settlement Agreement may be waived, novated, modified or amended only by a writing signed by the party against whom said waiver, novation, modification or amendment is asserted.

14.    **Authorization.**  Each natural person signing this Settlement Agreement on behalf of a business entity represents and warrants that he or she has the authority to bind such business entity to this Settlement Agreement.

15.    **Execution in Counterparts.**  This Settlement Agreement may be executed in one or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.  Signatures transmitted by facsimile or e-mail may be used and shall be binding on all Parties.

16.    **No Admission of Liability.**  This Settlement Agreement effects the settlement of claims which are contested, and nothing contained herein shall be construed as an admission by any party hereto of any liability of any kind to any other party or to any other person or entity.

17.    **No Personal Liability to Trustee.**  The Trustee undertakes no obligations or responsibility for this Settlement Agreement other than in his capacity as the Chapter 11 Trustee of the Estate.  No personal liability of any kind may attach to the Trustee individually or to any professional employed by him on account of this Settlement Agreement or the actions and non-actions which lead to this Settlement Agreement or result from it.

**WHEREFORE** the Parties have executed this Settlement Agreement as of the date set forth below.

6

AFDOCS/12053305.1

18

Dated: 5/14/15

By: _____
        Richard Laski
Chapter 11 Trustee of the Estate of
Holy Hill Community Church

Dated:   5/11/15

By: _____
        Parker Mills LLP

Its: _____Partner_____

7

AFDOCS-12053305.1

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

Arent Fox LLP, Gas Company Tower, 555 West Fifth Street, 48th Floor, Los Angeles, CA 90013.

A true and correct copy of the foregoing document entitled (*specify*): **NOTICE OF MOTION AND MOTION OF CHAPTER 11 TRUSTEE FOR ORDER APPROVING SETTLEMENT AGREEMENT WITH PARKER MILLS LLP; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF RICHARD J. LASKI IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **05/14/2015** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) **05/14/2015**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 05/14/2015 | AYLIN SOOKASSIANS | /s/ Aylin Sookassians |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*

**F 9013-3.1.PROOF.SERVICE**

AFDOCS/12082178.1

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:

Richard T Baum on behalf of Debtor Holy Hill Community Church
rickbaum@hotmail.com, rickbaum@ecf.inforuptcy.com

Bernard D Bollinger, Jr on behalf of Creditor 1111 Sunset, LLC and Downtown Capital, LLC
bbollinger@buchalter.com, IFS_filing@buchalter.com;smartin@buchalter.com

Bernard D Bollinger, Jr on behalf of Creditor Downtown Capital, LLC
bbollinger@buchalter.com, IFS_filing@buchalter.com;smartin@buchalter.com

Bernard D Bollinger, Jr on behalf of Interested Party Courtesy NEF
bbollinger@buchalter.com, IFS_filing@buchalter.com;smartin@buchalter.com

J Scott Bovitz on behalf of Creditor Andrew Kim
bovitz@bovitz-spitzer.com

J Scott Bovitz on behalf of Creditor Jong Chun Suh
bovitz@bovitz-spitzer.com

J Scott Bovitz on behalf of Plaintiff John J. Suh
bovitz@bovitz-spitzer.com

Jaenam J Coe on behalf of Debtor Holy Hill Community Church
coelaw@gmail.com

M Douglas Flahaut on behalf of Trustee Richard J Laski (TR)
flahaut.douglas@arentfox.com

Melanie Scott Green on behalf of U.S. Trustee United States Trustee (LA)
Melanie.green@usdoj.gov

Michelle S Grimberg on behalf of Creditor Alpine Parking Services, LLC
msg@lnbrb.com, angela@lnbrb.com

Andy Kong on behalf of Interested Party Courtesy NEF
Kong.Andy@ArentFox.com

Andy Kong on behalf of Plaintiff Dana Park
Kong.Andy@ArentFox.com

Andy Kong on behalf of Trustee Richard J Laski
Kong.Andy@ArentFox.com

Andy Kong on behalf of Trustee Richard J Laski (TR)
Kong.Andy@ArentFox.com

Richard J Laski (TR)
rlaski@wilshirellc.com

Kenneth G Lau on behalf of U.S. Trustee United States Trustee (LA)
kenneth.g.lau@usdoj.gov

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

Won Lee on behalf of Creditor Lee Law Offices
dlee@leelawltd.com

Won Lee on behalf of Debtor Holy Hill Community Church
dlee@leelawltd.com

Matthew A Lesnick on behalf of Interested Party Courtesy NEF
matt@lesnickprince.com, tmims@lesnickprince.com;matt@ecf.inforuptcy.com

Marvin Levy on behalf of Plaintiff Dana Park
l-levy@sbcglobal.net, G6266@notify.cincompass.com

Aram Ordubegian on behalf of Interested Party Courtesy NEF
ordubegian.aram@arentfox.com

Aram Ordubegian on behalf of Trustee Richard J Laski (TR)
ordubegian.aram@arentfox.com

David J Richardson on behalf of Creditor Parker Shumaker Mills, LLP
drichardson@sulmeyerlaw.com, drichardson@ecf.inforuptcy.com

David J Richardson on behalf of Interested Party Courtesy NEF
drichardson@sulmeyerlaw.com, drichardson@ecf.inforuptcy.com

Victor A Sahn on behalf of Creditor Law Offices of Carl J. Sohn
vsahn@sulmeyerlaw.com,
agonzalez@sulmeyerlaw.com,agonzalez@ecf.inforuptcy.com;asokolowski@sulmeyerlaw.com;vsahn@ecf.inforuptcy.com

Victor A Sahn on behalf of Creditor Parker Mills, LLP
vsahn@sulmeyerlaw.com,
agonzalez@sulmeyerlaw.com,agonzalez@ecf.inforuptcy.com;asokolowski@sulmeyerlaw.com;vsahn@ecf.inforuptcy.com

Victor A Sahn on behalf of Creditor Parker Shumaker & Mills
vsahn@sulmeyerlaw.com,
agonzalez@sulmeyerlaw.com,agonzalez@ecf.inforuptcy.com;asokolowski@sulmeyerlaw.com;vsahn@ecf.inforuptcy.com

Victor A Sahn on behalf of Creditor Parker Shumaker Mills, LLP
vsahn@sulmeyerlaw.com,
agonzalez@sulmeyerlaw.com,agonzalez@ecf.inforuptcy.com;asokolowski@sulmeyerlaw.com;vsahn@ecf.inforuptcy.com

Victor A Sahn on behalf of Interested Party Courtesy NEF
vsahn@sulmeyerlaw.com,
agonzalez@sulmeyerlaw.com,agonzalez@ecf.inforuptcy.com;asokolowski@sulmeyerlaw.com;vsahn@ecf.inforuptcy.com

Alla Tenina on behalf of Broker LBC Solutions
sashavk_1@yahoo.com, alex@teninalaw.com;alla@teninalaw.com

United States Trustee (LA)
ustpregion16.la.ecf@usdoj.gov

Michael L Wachtell on behalf of Creditor 1111 Sunset, LLC and Downtown Capital, LLC
mwachtell@buchalter.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

Scott L Whitman on behalf of Interested Party Courtesy NEF
slw@mwlegal.com, holly@mwlegal.com

Vanessa H Widener on behalf of Interested Party Courtesy NEF
vhw@amclaw.com, lmg@amclaw.com

Clarisse Young on behalf of Interested Party Courtesy NEF
youngshumaker@smcounsel.com, levern@smcounsel.com


**2. <u>SERVED BY UNITED STATES MAIL</u>**:

**<u>JUDGE</u>**

Honorable Julia W. Brand
United States Bankruptcy Court
255 E. Temple Street, Suite 1382
Los Angeles, CA 90012


**<u>MAILING MATRIX</u>**

1111 Sunset Blvd LLC
1855 Industrial Street
Suite 106
Los Angeles, CA 90021-1239

1111 Sunset Blvd Lp
Buchalter Nemer
Attn:  Michael Wachtell, Esq
1000 Wilshire Blvd, Suite 1500
Los Angeles CA 90017-1730

Albert K. Shin
12673 Eighth St.
Garden Grove, CA 92840-5306

All to One Construction, Inc.
c/o Samuel B. Choi
1401 W. Olympic Blvd.
Los Angeles, CA 90015

All to One Development Co., LLC
3250 Wilshire Blvd., Ste 1200
Los Angeles, CA 90010-1600

Alpha Omega Builders, Inc.
c/o Ronald B. Smith
512 W Robertson Blvd.
Chowchilla, CA 93610-2847

Alpine Parking Services LLC
1855 Industrial Street
Suite 106
Los Angeles, CA 90021-1239

Angelus Block, Co., Inc.
c/o Edward Antonini
11374 Tuxford St.
Sun Valley, CA 91352-2678

Associated Ready Mixed Concrete Inc.
c/o Kurt Caillier
4621 Teller Ave., Suite 130
Newport Beach, CA 92660-2165

Chan Hyo Tak and Mae Ja Tak
8346 Charloma Drive
Downey, CA 90240-3312

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 9013-3.1.PROOF.SERVICE**

Cheonung Kim and Ki Young Kim
1279 W 38th St
Los Angeles, CA 90037-1124

Chin Hwa Jung and Mi Jung Chong
5755 Corbett St
Los Angeles, CA 90016-4503

Charles M. Shumaker
1 Ringbit Road W
Rolling Hills, CA 90274

Chunghyun Ahn and Bockhee Ahn
2186 Ursinus Circle
Claremont, CA 91711-1817

Devirian & Shimoto PC
11400 W Olympic Blvd, Ste 200
Los Angeles, CA 90064-1584

Downtown Capital Llc
Buchalter Nemer
Attn: Michael Wachtell Esq
1000 Wilshire Blvd Suite 1500
Los Angeles, CA 90017-1730

Downtown Capital, LLC
2121 E 7th Place #104
Los Angeles, CA 90021-1762

East West Institute
c/o Edward B. Wong
386 8th St
Oakland, CA 94607-4241

Consumer Law Section, Attn: Bankruptcy
Notices
California Attorney General's Office
455 Golden Gate Avenue, Suite 11000
San Francisco, CA 94102-7004

Edwin M Rosenberg ALC
3435 Wilshire Blvd., Suite 2360
Los Angeles, CA 90010-1983

Holy Hill Community Church
1111 W. Sunset Blvd.
Los Angeles, CA 90012-1216

Henry H. Owh
13116 Avenida Santa Tecla #717-C
La Mirada, CA 90638-3278

Holy Hill Community Church
A Nonprofit Religious Corporation
1111 Sunset Blvd
Los Angeles, CA 90012-1216

INTERNAL REVENUE SERVICE
300 North Los Angeles Street
M/S 5022
Los Angeles, CA 90012-3351

Internal Revenue Service
PO Box 7317
Philadelphia, PA 19101-7317

James C. Oh
1461 South Boros Court
La Habra, CA 90631

JB Sunset Partnership
c/o The Dreifuss Firm
Attn: Bruce Dannemeyer, Esq.
7700 Irvin Center Dr, Ste 710
Irvine, CA 92618-3043

Joan Park
2000 Miranmar Street
Suite 617
Los Angeles, CA 90057-2336

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                    F 9013-3.1.PROOF.SERVICE

AFDOCS/12082178.1

Jong Oak Kim
Attn: Carl James Sohn
11900 Shasta Circle
Cerritos, CA 90703-2720

Joong Hoon Kim
5406 Goldenest Avenue
Temple City, CA 91780-3218

Jo Young Bang and Ki Bok Bang
716 Coldbrook Place
Simi Valley, CA 93065-5531

Jung Sun Choi
2451 West 7th Street #326
Los Angeles, CA 90057-3943

Kwang Chul Shin
Attn: Carl James Sohn
11900 Shasta Circle
Cerritos, CA 90703-2720

LA County Tax Collector
225 North Hill Street
Los Angeles, CA 90012-3253

Los Angeles City Clerk
P.O. Box 53200
Los Angeles, CA 90053-0200

Ok Sun Whang
6556 West 3rd Street
Los Angeles, CA 90045-2848

Parker Shumaker Mills LLP
ATTN:  David Yang Esq
801 S. Figueroa St. #1200
Los Angeles, CA 90017

Parker, Shumaker & Mills
Attn: William Mills & Gina Leago
801 S. Figueroa St. #1200
Los Angeles, CA 90017

Jong Oak Kim
Attn: Carl James Sohn
11900 Shasta Circle
Cerritos, CA 90703-2720

Joong Chil Kim
234 Rimpau Boulevard
Los Angeles, CA 90004-3733

Jung Hyun and Bok Hee Ahn
2186 Ursinus Circle
Claremont, CA 91711-1817

Kon Kyu Yu and Sun Yim Yu
2049 Wilshire Avenue
Hacienda Heights, CA 91745-3448

Law Offices of Carl James Sohn
11900 Shasta Circle
Cerritos, CA 90703-2720

LOS ANGELES COUNTY ASSESSOR
LOS ANGELES CA 90012

Moon Kon Kyu Yu and Sun Yim Yu
2049 Wilshire Ave.
Hacienda Heights, CA 91745-3448

Pacific Fire Protection Safety
c/o Peter Oliver Hurgoiu
8219 Rhodes Av
North Hollywood, CA 91605-1344

Parker Shumaker Mills, LLP
801 S. Figueroa St. #1200
Los Angeles, CA 90017

Pil Soon Joo
4341 Willow Brook Ave., #301
Los Angeles, CA 90029-2922

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                F 9013-3.1.PROOF.SERVICE

AFDOCS/12082178.1

Pueblo Contracting Services, Inc.
c/o Martha Diaz Aszkenazy
601 S. Brand Blvd, 3rd Fl
San Fernando, CA 91340-4069

Richard T. Baum
Law Offices of Richard T. Baum
11500 W Olympic Blvd, Ste. 400
Los Angeles, CA 90064-1525

Securities & Exchange Commission
5670 Wilshire Avenue, 11th Floor
Los Angeles, CA 90036-5627

Sierra Craft, Inc.
17711 East Railroad St.
La Puente, CA 91748-1111

Snell & Wilmer LLP
Attn: Christy Joseph & Randy Moore
600 Anton Blvd., Suite 1400
Costa Mesa, CA 92626-7689

Soo Il Jang and Eun Hee Jang
947 South Hoover Street
Suite 803
Los Angeles, CA 90006-1939

Soo Jung Oh
740 South Olive Street
Los Angeles, CA 90014-2616

Sun Gil Oh
1015 North Kingley Drive, Suite 220
Los Angeles, CA 90029-1249

United States Trustee (LA)
Attn: Melanie S. Green/Kenneth G. Lau
915 Wilshire Blvd, Suite 1850
Los Angeles, CA 90017-3560

Wilshire Escrow Company
c/o Scott Whitman, Esq.
5670 Wilshire Blvd., Suite 2170
Los Angeles, CA 90036

Sang Nam Kim
14704 Sunny Drive
Sylmar, CA 91342-0922

Shepherd University
3200 N. San Fernando Rd
Los Angeles, CA 90065-1415

Simi Valley Shopping Center
Loeb & Loeb LLP
10100 Santa Monica Blvd., Ste. 2200
Los Angeles, CA 90067-4003

Snell & Wilmer LLP
Two California Plaza
350 South Grand Ave, Ste 2600
Los Angeles, CA 90071-3487

Soo Nam Oh
15945 Alta Vista Drive
La Mirada, CA 90638-3239

Soon Nam Kang
200 Miranmar Street, Suite 518
Los Angeles, CA 90057

Sung Yeol Yim and In Rea Yim
11715 La Tierra Court
Northridge, CA 91326-1939

W. Dan Lee
Lee Law Offices
5670 Wilshire Blvd., Ste. 2150
Los Angeles, CA 90036-5655

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

W. Dan Lee, Esq.
Debtor's Attorneys
Lee Law Offices
5670 Wilshire Blvd., Suite 2150
Los Angeles, CA 90036

Yoon Chung Kim
450 South Grand View Street
Suite 510
Los Angeles, CA 90057-2818

Dana Park
3530 Wilshire Blvd. Ste 1850
Los Angeles, CA 90010

Marvin Levy, Esq.
11806 Moorpark Street, Apt. G
Studio City, CA 91604

Soon Im Ahn
450 S. Grandview Street, Suite 205
Los Angeles, CA 90057

Jong Wook Kim
1145 East Elmwood Ave.
Burbank, CA 91501

Soon Myung Oh
15945 Alta Vista Drive
La Mirada, CA 90638

Rev. Albert Kwang Chul Shin
12673 Eighth Street
Garden Grove, CA 92840

Dong Sub Bang
c/o Howard B. Kim, Esq.
3055 Wilshire Blvd., Suite 1040
Los Angeles, CA 90010

World Evangelical Church
c/o Jim Hyan Choi
727 S. Ardmore Ave., #206
Los Angeles, CA 90005-2494

Dana Park Beverly Hills Real Investment LLC
1021 W. Oak Hills Ct.
La Habra, CA 90631

Dana Park
2271 W. Malvern Ave #270
Fullerton, CA 92833

Park and Velavos LLP
801 S. Figueroa St., Suite 450
Los Angeles, CA 90017

Hyung Yul Jang
14781 Groveview Lane
Irvine, CA 92604

James Chul Hwan Oh and Ellen Sunsoo Oh
1461 South Boros Court
La Habra, CA 90631

Seong Sook Shim
1222 North Fairfax Ave., Suite 317
Los Angeles, CA 90046

Metropolitan Water District of Southern
California
c/o Matthew A. Lesnick
Lesnick Prince & Pappas LLP
185 Pier Ave., Suite 103
Santa Monica, CA 90405

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                  **F 9013-3.1.PROOF.SERVICE**

AFDOCS/12082178.1

## FEDERAL AND STATE GOVERNMENT AND TAX AUTHORITIES

Franchise Tax Board
Bankruptcy Section, MS: A-340
P. O. Box 2952
Sacramento, CA 95812-2952


Internal Revenue Service
P.O. Box 7346
Philadelphia, PA 19101-7346

U. S. Securities and Exchange Commission
Attn: Bankruptcy Counsel
444 South Flower Street, Suite 900
Los Angeles, CA 90071-9591

Employment Development Department
Bankruptcy Group MIC 92E
P. O. Box 826880
Sacramento, CA 94280-0001

Los Angeles County Tax Collector
P. O. Box 54110
Los Angeles, CA 90054-0110

State Board of Equalization
Account Information Group, MIC: 29
P.O. Box 942879
Sacramento, CA 94279-0029

Secretary of State
State of California
1500 - 11th Street
Sacramento, CA 95814

Environmental Protection Agency
Attn: Bankruptcy Department
75 Hawthorne Street
San Francisco, CA 94105

Environmental Protection Agency
Attn: Bankruptcy Department
1200 Pennsylvania Avenue, N.W.
Washington, D.C. 20460

United States Attorney's Office
Federal Building, Room 7516
300 North Los Angeles Street
Los Angeles, CA 90012

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                           **F 9013-3.1.PROOF.SERVICE**

AFDOCS/12082178.1

Consumer Law Section, Attn: Bankruptcy Notices
California Attorney General's Office
455 Golden Gate Ave., Suite 11000
San Francisco, CA 94102-7004

Attorney General
United States Department of Justice
Ben Franklin Station
P.O. Box 683
Washington, D.C. 20044

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.