Aram Ordubegian (SBN 185142)
Andy S. Kong (SBN 243933)
**ARENT FOX LLP**
555 West Fifth Street, 48th Floor
Los Angeles, CA 90013-1065
Telephone:    213.629.7400
Facsimile:    213.629.7401
Email:        aram.ordubegian@arentfox.com
              andy.kong@arentfox.com

Attorneys for Richard J. Laski, Chapter 11 Trustee

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# LOS ANGELES DIVISION

| | |
|---|---|
| In re | Case No. 2:14-bk-21070-WB |
| **HOLY HILL COMMUNITY CHURCH,** | Chapter 11 |
| Debtor. | Adv. No. 2:15-ap-_____-WB |
| | **NOTICE OF REMOVAL OF ACTION STYLED *WILSHIRE ESCROW COMPANY V. HOLY HILL COMMUNITY CHURCH, ET AL.*, CASE NO. BC537444** |
| | [Status Conference To Be Set By Court Pursuant to L.B.R. 9027-1] |

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

AFDOCS/11304332.1

1      **PLEASE TAKE NOTICE** that in accordance with 28 U.S.C. § 1452 and Rule 9027 of

2  the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rule"), Richard J. Laski, the

3  Chapter 11 Trustee (the "Trustee") of the above-captioned bankruptcy estate (the "Estate"),

4  hereby removes to this Court, each of the claims and causes of action asserted in the civil action

5  styled *Wilshire Escrow Company v. Holy Hill Community Church, et al.*, Case No. BC537444

6  (the "State Court Action), which is pending in the Los Angeles Superior Court.  As required by

7  Bankruptcy Rule 9027, attached hereto are all the relevant pleadings and process of record in the

8  State Court Action.   The Trustee has also lodged concurrently herewith a notice of state

9  conference using the court-mandated form in accordance with LBR 9027-1(b).

10      The Trustee represents the following as grounds for removal of the State Court Action:

11      1.      Pursuant to the State Court Action, as set forth in the attached complaint, Wilshire

12  Escrow Company ("Wilshire") interpled funds in the amount of $4,773,188.17 (the "Interpleaded

13  Funds") received from Downtown Capital, LLC ("Downtown Capital") with the Clerk of the Los

14  Angeles Superior Court.

15      2.      The Estate holds an interest in the Interpleaded Funds.  Specifically, on or about

16  May 21, 2012, 1111 Sunset, LLC and the Debtor delivered to Wilshire certain Joint Escrow

17  Instructions Relating to Settlement Agreement (the "Escrow Instructions").   In connection

18  therewith, the parties opened escrow with Wilshire.  Pursuant to the Escrow Instructions, Wilshire

19  received funds from Downtown Capital in the approximate amount of $6,000,000 (the "Loan")

20  and after certain payments were made from those funds, there remained a sum of $4,773,188.17.

21  The Loan was procured by the Debtor and was intended to be used to pay certain secured

22  creditors of the Debtor.  However, during the course of escrow, various parties including warring

23  factions of the Debtor, issued conflicting instructions to Wilshire as to the disposition of the

24  Interpleaded Funds.  Wilshire was unable to determine whose instructions should be followed and

25  as a result, deposited the Interpleaded Funds with the Clerk of the Los Angeles Superior Court on

26  or about February 25, 2014.

27      3.      As this Notice is being filed before the expiration of the extended deadline for the

28  Trustee to file notices of removal of civil actions pursuant to Bankruptcy Rule 9006(b) of August

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

AFDOCS/11304332.1

31, 2015 [Dkt No. 238], removal of the State Court Action is timely.

4.    This Court has jurisdiction over the removed State Court Action pursuant to 28 U.S.C. §§ 157 and 1334 because the removed claims and causes of action are related to the above-captioned bankruptcy case and will impact property of the Estate and the Trustee's administration thereof.

5.    The State Court Action is a core proceeding under 28 U.S.C. § 157(b) and the Court can and should enter final judgment. To the extent that the State Court Action is deemed to be a non-core proceeding or that, absent the consent of the parties, this Court does not have the power to enter final orders or judgment in this proceeding, the Trustee consents to entry of final orders or judgment by this Court.

6.    A copy of this Notice (without attachments) will be promptly filed with the Los Angeles Superior Court and will be served on all counsel of record in the State Court Action.

Dated: August 26, 2015                              **ARENT FOX LLP**


By: /s/ Andy S. Kong
    Andy S. Kong
    Attorneys for Chapter 11 Trustee

# ATTACHMENT

# SUMMONS
## (CITACION JUDICIAL)

**SUM-100**

**NOTICE TO DEFENDANT:**  HOLY HILL COMMUNITY CHURCH, a
*(AVISO AL DEMANDADO):* California non-profit corporation; DOWNTOWN
CAPITAL, LLC, a California limited liability company; 1111 SUNSET, LLC,
a California limited liability company; JB SUNSET PARTNERSHIP, a
California general partnership; DAVID PARK a/k/a DAVID JEE-MAN PARK,
an individual; SB SPRING LLC, a limited liability company; THE WESTERN
CALIFORNIA PRESBYTERY, a presbytery of the Korean-American
Presbyterian Church, a California non-profit religious corporation; ETC.

**YOU ARE BEING SUED BY PLAINTIFF:**  WILSHIRE ESCROW
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):* COMPANY, a California
corporation

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

FEB 25 2014

Sherri R. Carter, Executive Officer/Clerk

By Cristina Grijalva, Deputy

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>SUPERIOR COURT OF CALIFORNIA<br>111 NORTH HILL STREET<br><br>LOS ANGELES 90012 | CASE NUMBER:<br>*(Número del Caso):*<br>BC537444 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Scott L. Whitman  SBN: 110167                    (310) 477-5577            (323) 934-0416
Scott L. Whitman, Inc.
5670 Wilshire Blvd. Ste. 2170
Los Angeles, California 90036

DATE:                                    SHERRI R. CARTER            Clerk, by            CRISTINA GRIJALVA            , Deputy
*(Fecha)*                                                    *(Secretario)*                                    *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. [ ]  as an individual defendant.
2. [ ]  as the person sued under the fictitious name of *(specify):*

3. [ ]  on behalf of *(specify):*

   under: [ ] CCP 416.10 (corporation)            [ ] CCP 416.60 (minor)
          [ ] CCP 416.20 (defunct corporation)    [ ] CCP 416.70 (conservatee)
          [ ] CCP 416.40 (association or partnership)  [ ] CCP 416.90 (authorized person)
          [ ] other *(specify):*
4. [ ]  by personal delivery on *(date):*                                    Page 1 of 1

[SEAL]

FEB 25 2014

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**


Legal
Solutions
Plus

Code of Civil Procedure §§ 412.20, 465

3

| PETITIONER/PLAINTIFF: WILSHIRE ESCROW COMPANY | CASE NUMBER: |
|---|---|
| RESPONDENT/DEFENDANT: HOLY HILL COMMUNITY CHURCH, et al. | |

### SUMMONS ATTACHMENT

**NOTICE TO ADDITIONAL DEFENDANTS:**

**THE TRUE MEMBERS of Holy Hill Community Church, a California non-profit religious corporation; JOONG CHIL KIM, an individual; CHAN HYO TAK, an individual; SUNG HO LEE, an individual; SUNG YEOL YIM, an individual; JOONG HOON HIM, an individual; MOON KYU YU, an individual, DONG SUB BANG, an individual; JUN KI KIM, an individual; SANG YOON CHO, an individual; KWANG NAM KIM, an individual; and DOES 1 through 10, inclusive**



4

COPY

1  SCOTT L. WHITMAN, INC., APLC
   Scott L. Whitman - State Bar #110167
2  5670 Wilshire Blvd., Suite 2170
   Los Angeles, CA 90036
3  PH: (310) 477-5577
   FAX: (323) 934-0416
4  E-MAIL: slw@mwlegal.com

5  Attorneys for Plaintiff WILSHIRE ESCROW COMPANY

6

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

FEB 2 5 2014

Sherri R. Carter, Executive Officer/Clerk
By Cristina Grijalva, Deputy

7              SUPERIOR COURT OF THE STATE OF CALIFORNIA

8              COUNTY OF LOS ANGELES – CENTRAL DISTRICT

9                                                    BC 5 3 7 4 4 4

10 WILSHIRE ESCROW COMPANY, a California      Case No.
   corporation,
11
             Plaintiff,
12                                             COMPLAINT IN INTERPLEADER AND
        vs.                                    ASSERTION OF LIEN ON
13                                             INTERPLEADED FUNDS

14 HOLY HILL COMMUNITY CHURCH, a
   California non-profit corporation;
15 DOWNTOWN CAPITAL, LLC, a California
   limited liability company; 1111 SUNSET, LLC,
16 a California limited liability company; JB
   SUNSET PARTNERSHIP, a California general
17 partnership; DAVID PARK a/k/a DAVID JEE-
   MAN PARK, an individual; SB SPRING LLC, a
18 limited liability company; THE WESTERN
   CALIFORNIA PRESBYTERY, a presbytery of
19 the Korean-American Presbyterian Church, a
   California non-profit religious corporation;
20 THE TRUE MEMBERS of Holy Hill Community
   Church, a California non-profit religious
21 corporation; JOONG CHIL KIM, an individual;
   CHAN HYO TAK, an individual; SUNG HO
22 LEE, an individual; SUNG YEOL YIM, an
   individual; JOONG HOON HIM, an individual;
23 MOON KYU YU, an individual, DONG SUB
   BANG, an individual; JUN KI KIM, an
24 individual; SANG YOON CHO, an individual;
   KWANG NAM KIM, an individual; and Doe
25 Defendants 1 through 10, inclusive,

26
             Defendants.
27

28 ─────────────────────────────────────────
                            1
                COMPLAINT IN INTERPLEADER

Complaint in Interpleader

5

Plaintiff alleges:

**PRELIMINARY ALLEGATIONS**

1.      At all times herein mentioned, Plaintiff Wilshire Escrow Company ("**Wilshire Escrow**") is and was a California corporation, duly qualified to do business in California, with its principal place of business in Los Angeles County, California.  Wilshire Escrow has and continues to operate an escrow business licensed by the California Department of Corporations.

2.      Wilshire Escrow is informed, believes and thereon alleges that defendant HOLY HILL COMMUNITY CHURCH (hereafter "**HHCC**") is a California non-profit corporation, qualified to do business in the State of California with its principal place of business located in the County of Los Angeles, State of California.

3.      Wilshire Escrow is informed, believes and thereon alleges that defendant DOWNTOWN CAPITAL, LLC (hereafter "**Downtown Capital**") is a California limited liability company, qualified to do business in the State of California with its principal place of business located in the County of Los Angeles, State of California.

4.      Wilshire Escrow is informed, believes and thereon alleges that defendant 1111 SUNSET, LLC, (hereafter "**1111 Sunset**") is a California limited liability company qualified to do business in the State of California with its principal place of business located in the County of Los Angeles, State of California.

5.      Wilshire Escrow is informed, believes and thereon alleges that defendant JB SUNSET PARTNERSHIP (hereafter "**JB Sunset**") is a California general partnership, qualified to do business in the State of California with its principal place of business located in the County of Los Angeles, State of California.

2

**COMPLAINT IN INTERPLEADER**

Complaint in Interpleader

6.    Wilshire Escrow is informed, believes and thereon alleges that defendant DAVID PARK a/k/a DAVID JEE-MAN PARK (hereafter "**DJ Park**") is an individual residing in the County of Los Angeles, State of California.

7.    Wilshire Escrow is informed, believes and thereon alleges that defendant SB SPRING LLC (hereafter "**SB Spring**") is a limited liability company, qualified to do business in the State of California with its principal place of business located in the County of Los Angeles, State of California.

8.    Wilshire Escrow is informed, believes and thereon alleges that defendant THE WESTERN CALIFORNIA PRESBYTERY, a presbytery of the Korean-American Presbyterian Church (hereafter "**TWCP**") is a California non-profit religious corporation, qualified to do business in the State of California with its principal place of business located in the County of Los Angeles, State of California.

9.    Wilshire Escrow is informed, believes and thereon alleges that defendant THE TRUE MEMBERS OF HOLY HILL COMMUNITY CHURCH (hereafter the "**True Members**") is a California non-profit religious corporation, qualified to do business in the State of California with its principal place of business located in the County of Los Angeles, State of California.

10.    Wilshire Escrow is informed, believes and thereon alleges that defendant JOONG CHIL KIM (hereafter "**JC Kim**") is an individual residing in the County of Los Angeles, State of California.

11.    Wilshire Escrow is informed, believes and thereon alleges that defendant CHAN HYO TAK (hereafter "**CH Tak**") is an individual residing in the County of Los Angeles, State of California.

3

**COMPLAINT IN INTERPLEADER**

Complaint in Interpleader

12.     Wilshire Escrow is informed, believes and thereon alleges that defendant SUNG HO LEE (hereafter "**SH Lee**") is an individual residing in the County of Los Angeles, State of California.

13.     Wilshire Escrow is informed, believes and thereon alleges that defendant SUNG YEOL YIM (hereafter "**SY Yim**") is an individual residing in the County of Los Angeles, State of California.

14.     Wilshire Escrow is informed, believes and thereon alleges that defendant JOONG HOON KIM (hereafter "**JH Kim**") is an individual residing in the County of Los Angeles, State of California.

15.     Wilshire Escrow is informed, believes and thereon alleges that defendant MOON KYU YU (hereafter "**MK Yu**") is an individual residing in the County of Los Angeles, State of California.

16.     Wilshire Escrow is informed, believes and thereon alleges that defendant DONG SUB BANK (hereafter "**Bang**") is an individual residing in the County of Los Angeles, State of California.

17.     Wilshire Escrow is informed, believes and thereon alleges that defendant JUN KI KIM (hereafter "**JK Kim**") is an individual residing in the County of Los Angeles, State of California.

18.     Wilshire Escrow is informed, believes and thereon alleges that defendant SANG YOON CHO (hereafter "**SY Cho**") is an individual residing in the County of Los Angeles, State of California.

/ / /

/ / /

4

**COMPLAINT IN INTERPLEADER**

Complaint in Interpleader

8

19.    Wilshire Escrow is informed, believes and thereon alleges that defendant KWANG NAM KIM (hereafter "**KN Kim**") is an individual residing in the County of Los Angeles, State of California.

20.    For convenience, HHCC, Downtown Capital, 1111 Sunset, JB Sunset, DJ Park, SB Spring, TWCB, True Members, JC Kim, CH Tak, SH Lee, SY Yim, JH Him, MK Yu, Bang, JK Kim, SY Cho, KN Kim, and Doe Defendants 1 through 10 are sometimes collectively referred to as the "**Defendants.**"

21.    The true names or capacities, whether individual, corporate, associate, or otherwise of defendants named herein as Does 1 through 10, inclusive, are unknown to Wilshire Escrow, who therefore sues said defendants by such fictitious names, and Wilshire Escrow will amend this Complaint to show their true names and capacities when the same have been ascertained.  Wilshire Escrow is informed, believes and thereon alleges that each of the fictitiously named defendants, Does 1 through 10, is responsible in some manner for the occurrences herein alleged.  Wilshire Escrow is further informed, believes and thereon alleges that at all material times each of the defendants was the agent, employee, co-conspirator or joint venturer of each of the remaining defendants, and in doing the things hereinafter mentioned was acting within the scope of such agency or employment and with the consent of each of the other defendants.

22.    On or about May 21, 2012, 1111 Sunset and HHCC delivered to Wilshire Escrow certain Joint Escrow Instructions Relating to Settlement Agreement (the "**Joint Escrow Instructions**") that incorporated by reference a certain Settlement Agreement dated May 10, 2012, as amended by a certain First Amendment to Settlement

5

**COMPLAINT IN INTERPLEADER**

Complaint in Interpleader

Agreement dated May 21, 2012 (collectively the "**Settlement Agreement**"). In connection with the Joint Escrow Instructions, the parties thereto opened an escrow with Wilshire Escrow bearing Escrow No. 127148-024 (the "**Escrow**"). The Settlement Agreement and the Joint Escrow Instructions contemplated a certain loan to be made by 1111 Sunset or other lender affiliated with 1111 Sunset (the "**Loan**"). As part of the Joint Escrow Instructions, the parties executed and incorporated by reference Wilshire Escrow's General Escrow Instructions (the "**General Escrow Instructions**").

23.    On or about July 17, 2012, the Joint Escrow Instructions were amended by a certain Amendment to Joint Escrow Instructions that included certain lender instructions of Downtown Capital, as lender, that contained various conditions that had to be satisfied before the Escrow could close and certain loan proceeds in an amount not to exceed $5,928,140 to be received from Downtown Capital could be released by Wilshire Escrow. The Joint Escrow Instructions, General Escrow Instructions and the Amendment to Joint Escrow Instructions are hereafter collectively referred to as the "**Escrow Instructions.**"

24.    At all times herein mentioned, Wilshire Escrow was bound to follow the Escrow Instructions.

25.    Pursuant to the Escrow Instructions, Wilshire Escrow received funds from Downtown Capital in the approximately sum of $6,000,000 (the "**Gross Funds**"), which were deposited into Wilshire Escrow's escrow account, earmarked for disposition pursuant to the Escrow Instructions and conditioned on the satisfaction of the conditions set forth therein. Pursuant to further mutual instructions from the principals

**COMPLAINT IN INTERPLEADER**

Complaint in Interpleader

of the Escrow, certain payments were made from the Gross Funds and, thereafter, there remained the sum of $4,773,188.17 (for convenience the "**Interpleaded Funds**").

26.    In addition to receiving the Gross Funds, Wilshire Escrow received from JB Sunset and HHCC certain original, fully executed (and as to certain documents, notarized) instruments, including payoff demands, Reconveyances of Deeds of Trust and payoff demand approvals (collectively, the "**Original Instruments**").

27.    After receipt of the Interpleaded Funds and the Original Instruments, and during the course of the Escrow, certain Defendants issued conflicting instructions to Wilshire Escrow as to the disposition of the Interpleaded Funds.  Specifically, during the course of the Escrow, such conflicting instructions from Defendants included those from the principals to the Escrow, those claiming to act on behalf of certain principals to the Escrow, and third parties asserting interests in the assets of certain principals to the Escrow, including existing secured lenders of HHCC.  Moreover, Wilshire Escrow received copies of various orders and judgments entered in various lawsuits between and among various Defendants now pending in the Superia Court of California, County of Los Angeles, entitled *Holy Hill Community Church v. JB Sunset Partnership, et al.* bearing LASC Case No. BC 489602 (the "**JB Sunset Action**") and *Western California Presbyterian et al v. Dong Sub Bang, et al.* bearing LASC Case No. BC 459793 (the "**Bang Action**").  For convenience, the JB Sunset Action, the Bang Action, and the various cross-actions contained therein are hereafter collectively referred to as the "**Pending Actions**").  Certain orders and judgments entered in the Pending Actions conflict with unilateral instructions received from certain Defendants who are principals

7

**COMPLAINT IN INTERPLEADER**

11

to the Escrow, some of whom are not parties to the Actions in which the order or judgment was entered but affect the rights of such principals.

28.    Wilshire Escrow has been advised that appeals have been or may soon be perfected against certain judgments and/or orders entered in the Pending Actions. In the meantime, various Defendants have made threats of litigation against Wilshire Escrow if it should act in a manner inconsistent with their respective unilateral instructions and/or if it acts in a manner inconsistent with certain orders and judgments entered in the Pending Actions.  These conflicting demands (along with various court orders, judgments, orders by referees, etc., entered in the Pending Actions) make it impossible for Wilshire Escrow to decipher which instructions, orders and judgments should be followed and what actions should to be taken as to the Interpleaded Funds and the Original Instruments.  Moreover, the current procedural status of the Bang Action, which involves disputes as to whom controls the property and assets of HHCC, makes it impossible to determine who has authority to act on behalf of HHCC, a principal to the Escrow whose further instructions are necessary if Wilshire Escrow is to act as demanded by other named Defendants.

29.    Wilshire Escrow has made repeated demands on Defendants to settle their dispute as to the Interpleaded Funds and the Original Instruments, or alternatively enter into a Stipulation that will instruct Wilshire Escrow as to the Interpleaded Funds and Original Instruments and release Wilshire Escrow of further obligations and liability associated with the Interpleaded Funds and the Escrow.  Defendants, and each of them, have refused to settle their disputes and have failed to provide the requested mutual instructions.

8

**COMPLAINT IN INTERPLEADER**

30.     Sub-paragraphs c, d, and e from that part of the Escrow Instructions

entitled "Additional Escrow Conditions and Instructions" include the following provisions:

"c)     In the event that the conditions of this escrow have not been complied with at the expiration of the time provided for herein, you are instructed to complete the same at the earliest possible date thereafter, unless we or either of us have made written demand upon you for return of the money and/or instruments deposited by either of us, in which case you may return all instruments and/or funds to the respective parties hereto and this escrow will without further notice be considered terminated, or you may withhold and stop all further proceedings in this escrow without liability for interest or funds held or for damages or otherwise until receipt of mutual cancellation instructions by all parties shall have been deposited in this escrow, whereupon you are then instructed to disburse the escrow funds and instruments accordingly, less your proper charges.

You are further authorized and instructed to remit all the funds by your check to the party(ies) depositing same in this escrow it this escrow is not consummated, unless specifically instructed to the contrary.

d)      If conflicting demands are made or notice served upon you or legal action is taken in connection with this escrow, you shall not be required to determine the same or take any action in the premises, but may withhold and stop all further proceedings without liability therefor, or you may file suit in interpleader or for declaratory relief.  If you are required to respond to any legal summons or proceedings or if any action of interpleader or declaratory relief is brought by you, we jointly and severally agree to pay all costs, expenses and reasonable attorney's fees expended or incurred by you, and a lien is hereby created in your company's favor to cover said items.  We agree to save you harmless as escrow holder hereunder from all loss and expenses, including reasonable attorney's fees and court costs sustained by reason of any action, legal or otherwise, which may in any way arise out of this escrow, before or after closing, notwithstanding anything in these instructions to the contrary.

e)      We jointly and severally, agree that in the event of cancellation we shall pay you a sum sufficient to pay you for any expenses which you have incurred pursuant to these

9

**COMPLAINT IN INTERPLEADER**

Complaint in Interpleader

13

instructions and a reasonable cancellation fee for services rendered by you, said expenses and fees to be put in escrow before cancellation is effective. We further agree that said charges may be apportioned to us in a manner which you consider equitable and that your decision in that regard will be binding and conclusive upon us. Any funds which have been deposited by a licensed real estate broker for either or both of us shall be returned to such broker."

. . . .

31.    Wilshire Escrow is indifferent with respect to which Defendant should receive the Interpleaded Funds, or any portion thereof, or which Defendant should control how such Interpleaded Funds and the Original Instruments are to be distributed, administered and handled. Excluding those escrow fees, costs and attorneys' fees incurred by it that are secured by the Interpleaded Funds as provided by the Escrow Instructions, Wilshire Escrow claims no interest in the Deposited Funds.

32.    The respective claims to the Interpleaded Funds made by Defendants are adverse and conflicting and are made without Wilshire Escrow's collusion. Wilshire Escrow is unable to determine safely whose instructions should be followed and how the Interpleaded Funds and the Original Instruments should be administered.

33.    During the course of the Escrow and pursuant to the Escrow Instructions, Wilshire Escrow is entitled to recover escrow charges and fees that, as of the date of filing this Complaint, total $20,000.00.

34.    Simultaneously with the filing of this Complaint, Wilshire Escrow will deposit the Interpleaded Funds (being all the funds in dispute and held by Wilshire Escrow) with the Clerk of the Court, but reserves all liens and interests in the

10

**COMPLAINT IN INTERPLEADER**

Complaint in Interpleader

Interpleaded Funds as more fully set forth in the parties' Escrow Instructions and as provided under applicable provisions of the interpleader statutes.

35.    Wilshire Escrow will deposit the Original Instruments with the Clerk of the Court for disposition upon the instruction of the Court.

36.    Wilshire Escrow has incurred attorneys' fees and costs as a result of the Escrow Instructions and this Action, and expects to incur additional costs and fees. Wilshire Escrow asserts a lien in the amount of such costs, fees and expenses, along with additional future escrow fees, costs and expenses, the amount of which shall be established according to proof at trial or motion.

**WHEREFORE, WILSHIRE ESCROW PRAYS JUDGMENT AS FOLLOWS:**

1.    That Defendants be ordered to litigate their respective rights to, control over and distribution of the Interpleaded Funds;

2.    That the Court instruct Wilshire Escrow as to the disposition of the Original Instruments;

3.    That Wilshire Escrow be discharged and released from any and all liability concerning the Escrow, the Interpleaded Funds, the Original Instruments and any claims of the Defendants as to the Escrow, the Interpleaded Funds and the Original Instruments;

4.    That Wilshire Escrow be awarded its outstanding and additional escrow fees, charges and expenses pursuant to the Escrow Instructions and amendments thereto executed by Defendants, and that such charges and expenses be paid out of the Interpleaded Funds deposited with the Court;

/ / /

11

**COMPLAINT IN INTERPLEADER**

Complaint in Interpleader

5.      That Wilshire Escrow be awarded costs and reasonable attorneys' fees to be determined by the Court and to paid out of the Interpleaded Funds deposited with the Court, pursuant to the Escrow Instructions and in accordance with **Code of Civil Procedure §§ 386.5, 386.6 and Civil Code § 1717** and other applicable statutes and case law;

6.      That the Court apportion the escrow fees, escrow charges and attorneys' fees and costs awarded to Wilshire Escrow and paid from the Interpleaded Funds between and among the Defendants in a manner deemed appropriate; and

7.      For such other and further relief as the Court may deem just and proper.

Dated: February 25, 2014

_____
Scott L. Whitman
**SCOTT L. WHITMAN, INC.**
Attorneys for Plaintiff WILSHIRE ESCROW
COMPANY

12

**COMPLAINT IN INTERPLEADER**

Complaint in Interpleader

CM-010

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** (Name, ~~bar number, and address~~):<br>Scott L. Whitman   SBN: 110167<br>Scott L. Whitman, Inc.<br>5670 Wilshire Blvd. Ste. 2170<br><br>Los Angeles, California 90036<br>TELEPHONE NO.: (310) 477-5577    FAX NO.: (323) 934-0416<br>ATTORNEY FOR (Name): WILSHIRE ESCROW COMPANY | **FOR COURT USE ONLY**<br><br>CONFORMED COPY<br>ORIGINAL FILED<br>Superior Court of California<br>County of Los Angeles<br><br>FEB 25 2014<br><br>Sherri R. Carter, Executive Officer/Clerk<br>By Cristina Grijalva, Deputy |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 111 NORTH HILL STREET
MAILING ADDRESS:
CITY AND ZIP CODE: LOS ANGELES 90012
BRANCH NAME: CENTRAL DISTRICT

CASE NAME: Wilshire Escrow Company v. Holy Hill Community Church, et al.

| **CIVIL CASE COVER SHEET** | | **Complex Case Designation** | CASE NUMBER: BC 5 3 7 4 4 4 |
|---|---|---|---|
| [x] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

**1. Check one box below for the case type that best describes this case:**

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | **(Cal. Rules of Court, rules 3.400-3.403)** |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property** | [ ] Other collections (09) | [ ] Construction defect (10) |
| **Damage/Wrongful Death) Tort** | [ ] Insurance coverage (18) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Other contract (37) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | **Real Property** | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | [ ] Eminent domain/Inverse | [ ] Insurance coverage claims arising from the |
| [ ] Other PI/PD/WD (23) | condemnation (14) | above listed provisionally complex case |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | types (41) |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | **Enforcement of Judgment** |
| [ ] Civil rights (08) | **Unlawful Detainer** | [ ] Enforcement of judgment (20) |
| [ ] Defamation (13) | [ ] Commercial (31) | **Miscellaneous Civil Complaint** |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] RICO (27) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | [x] Other complaint *(not specified above)* (42) |
| [ ] Professional negligence (25) | **Judicial Review** | **Miscellaneous Civil Petition** |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Partnership and corporate governance (21) |
| **Employment** | [ ] Petition re: arbitration award (11) | [ ] Other petition *(not specified above)* (43) |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [ ] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [ ] is [x] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties     d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel   e. [ ] Coordination with related actions pending in one or more courts
      issues that will be time-consuming to resolve              in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence           f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [ ] monetary b. [x] nonmonetary; declaratory or injunctive relief c. [ ] punitive

4. Number of causes of action *(specify):* One

5. This case [ ] is [x] is not   a class action suit.

6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: February 25, 2014

Scott L. Whitman   SBN: 110167
_____
(TYPE OR PRINT NAME)                                        (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

---

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Legal<br>Solutions<br>Plus | Cal. Rules of Court, rules 2.30, 3.220, 3.400-3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10 |

17

COPY

BC537444

| SHORT TITLE: Wilshire Escrow Company v. Holy Hill Community Church, et al. | CASE NUMBER |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

This form is required pursuant to Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.

**Item I.** Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? [ x ] YES CLASS ACTION? [ ] YES LIMITED CASE? [ ] YES TIME ESTIMATED FOR TRIAL 2 [ ] HOURS/[ x ] DAYS

**Item II. Indicate** the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet form, find the main Civil Case Cover Sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Local Rule 2.0.

### Applicable Reasons for Choosing Courthouse Location (see Column C below)

1. Class actions must be filed in the Stanley Mosk Courthouse, central district.
2. May be filed in central (other county, or no bodily injury/property damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| Auto Tort | Auto (22) | [ ] A7100 Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | [ ] A7110 Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| Other Personal Injury/ Property Damage/ Wrongful Death Tort | Asbestos (04) | [ ] A6070 Asbestos Property Damage | 2. |
| | | [ ] A7221 Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | [ ] A7260 Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | [ ] A7210 Medical Malpractice - Physicians & Surgeons | 1., 4. |
| | | [ ] A7240 Other Professional Health Care Malpractice | 1., 4. |
| | Other Personal Injury Property Damage Wrongful Death (23) | [ ] A7250 Premises Liability (e.g., slip and fall) | 1., 4. |
| | | [ ] A7230 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 4. |
| | | [ ] A7270 Intentional Infliction of Emotional Distress | 1., 3. |
| | | [ ] A7220 Other Personal Injury/Property Damage/Wrongful Death | 1., 4. |

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 1 of 4

LA-CV109

18

| SHORT TITLE: Wilshire Escrow Company v. Holy Hill Community Church, et al. | CASE NUMBER | |
|---|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 3. |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1., 2., 3. |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1., 2., 3. |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 2., 3. |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1., 2., 3. |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case | 1., 2., 3. |
| | | ☐ A6109  Labor Commissioner Appeals | 10. |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2., 5. |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 2., 5., 6. |
| | | ☐ A6012  Other Promissory Note/Collections Case | 2., 5. |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1., 2., 3., 5. |
| | | ☐ A6031  Tortious Interference | 1., 2., 3., 5. |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation    Number of parcels _____ | 2. |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2., 6. |
| | | ☐ A6032  Quiet Title | 2., 6. |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2., 6. |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2., 6. |

19

| SHORT TITLE: Wilshire Escrow Company v. Holy Hill Community Church, et al. | CASE NUMBER |
|---|---|

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C**<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2., 8. |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2. |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2. |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1., 2., 3. |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment | 2., 9. |
| | | ☐ A6160  Abstract of Judgment | 2., 6. |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2., 9. |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2., 8. |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2., 8. |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1., 2., 8. |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2., 8. |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1., 2., 8. |
| | | ☒ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment | 2., 3., 9. |
| | | ☐ A6123  Workplace Harassment | 2., 3., 9. |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case | 2., 3., 9. |
| | | ☐ A6190  Election Contest | 2. |
| | | ☐ A6110  Petition for Change of Name | 2., 7. |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2., 3., 4., 8. |
| | | ☐ A6100  Other Civil Petition | 2., 9. |

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 3 of 4

20

| SHORT TITLE: Wilshire Escrow Company v. Holy Hill Community Church, et al. | CASE NUMBER |
|---|---|

Item III. Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., **Step 3** on Page 1, as the proper reason for filing in the court location you selected.

| REASON: Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected for this case.<br><br>☐1. ☒2. ☐3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. | ADDRESS:   4270 Wilshire Blvd. |
|---|---|
| **CITY:** Los Angeles | **STATE:** CA   **ZIP CODE:** 90010 | |

Item IV. *Declaration of Assignment*: I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the Stanley Mosk_____ courthouse in the Central_____ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., § 392 et seq., and Local Rule 2.0, subds. (b), (c) and (d)].

Dated: February 25, 2014_____

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

Scott L. Whitman

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 03/11).

5. Payment in full of the filing fee, unless fees have been waived.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LACIV 109 (Rev. 03/11)     **CIVIL CASE COVER SHEET ADDENDUM**     Local Rule 2.0
LASC Approved 03-04          **AND STATEMENT OF LOCATION**          Page 4 of 4

21

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
**NOTICE OF CASE ASSIGNMENT - UNLIMITED CIVIL CASE (NON-CLASS ACTION)**

Case Number _____    BC537444

**THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT**
Your case is assigned for all purposes to the judicial officer indicated below . There is additional information on the reverse side of this form.

| ASSIGNED JUDGE | DEPT | ROOM | | ASSIGNED JUDGE | DEPT | ROOM | |
|---|---|---|---|---|---|---|---|
| Hon. Daniel Buckley | 1 | 534 | | Hon. Ernest M. Hiroshige | 54 | 512 | |
| Hon. Barbara A. Meiers | 12 | 636 | | Hon. Malcolm H. Mackey | 55 | 515 | |
| Hon. Terry A. Green | 14 | 300 | | Hon. Michael Johnson | 56 | 514 | |
| Hon. Richard Fruin | 15 | 307 | | Hon Rolf M. Treu | 58 | 516 | |
| Hon. Rita Miller | 16 | 306 | | Hon. Michael L. Stern | 62 | 600 | |
| Hon. Richard E. Rico | 17 | 309 | | Hon. Mark Mooney | 68 | 617 | |
| Hon. Kevin C. Brazile | 20 | 310 | | Hon. William F. Fahey | 69 | 621 | |
| Hon. Robert L. Hess | 24 | 314 | | Hon. Soussan G. Bruguera | 71 | 729 | |
| Hon. Mary Ann Murphy | 25 | 317 | | Hon. Ruth Ann Kwan | 72 | 731 | |
| Hon. Yvette M. Palazuelos | 28 | 318 | | Hon. Teresa Sanchez-Gordon | 74 | 735 | |
| Hon. Barbara Scheper | 30 | 400 | | | | | |
| Hon. Mary H. Strobel | 32 | 406 | | | | | |
| Hon. Michael P. Linfield | 34 | 408 | | **Hon. Emilie H. Elias** | **324** | **CCW** | |
| Hon. Gregory Alarcon | 36 | 410 | | **Hon. Elihu M. Berle*** | **323** | **CCW** | |
| Hon. Maureen Duffy-Lewis | 38 | 412 | | | | | |
| Hon. Michelle R. Rosenblatt | 40 | 414 | | | | | |
| Hon. Ronald M. Sohigian | 41 | 417 | | | | | |
| Hon. Holly E. Kendig | 42 | 416 | | | | | |
| Hon. Mel Red Recana | 45 | 529 | | | | | |
| Hon. Debre Katz Weintraub | 47 | 507 | | | | | |
| Hon. Elizabeth Allen White | 48 | 506 | | | | | |
| Hon. Deirdre Hill | 49 | 509 | | | | | |
| Hon. John L. Segal | 50 | 508 | | | | | |
| Hon. Mitchell L. Beckloff | 51 | 511 | | | | | |
| Hon. Susan Bryant-Deason | 52 | 510 | | OTHER | | | |
| Hon. Steven J. Kleifield | 53 | 513 | | | | | |

*****Complex**
All cases designated as complex (other than class actions) are initially assigned to Judge Elihu M. Berle in Department 323 of the Central Civil West Courthouse (600 S. Commonwealth Ave., Los Angeles 90005). This assignment is for the purpose of assessing whether or not the case is complex within the meaning of California Rules of Court, rule 3.400. Depending on the outcome of that assessment, the case may be reassigned to one of the judges of the Complex Litigation Program or reassigned randomly to a court in the Central District.

Given to the Plaintiff/Cross-Complainant/Attorney of Record on ____FEB 2 5 2014____ By _____    SHERRI R. CARTER, Executive Officer/Clerk
                                                                                                          , Deputy Clerk

LACIV CCH 190 (Rev09/13)                    **NOTICE OF CASE ASSIGNMENT –**                    Page 1 of 2
LASC Approved  05-06
For Optional Use                                      **UNLIMITED CIVIL CASE**

22

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the Chapter Three Rules, as applicable in the Central District, are summarized for your assistance.

### APPLICATION

The Chapter Three Rules were effective January 1, 1994. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES

The Chapter Three Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE

A challenge under Code of Civil Procedure section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS

Cases assigned to the Individual Calendaring Court will be subject to processing under the following time standards:

**COMPLAINTS:** All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days of filing.

**CROSS-COMPLAINTS:** Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

A Status Conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE

The Court will require the parties at a status conference not more than 10 days before the trial to have timely filed and served all motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested jury instructions, and special jury instructions and special jury verdicts. These matters may be heard and resolved at this conference. At least 5 days before this conference, counsel must also have exchanged lists of exhibits and witnesses and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Eight of the Los Angeles Superior Court Rules.

### SANCTIONS

The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party or if appropriate on counsel for the party.

**This is not a complete delineation of the Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is absolutely imperative.**

LACIV CCH 190 (Rev09/13)
LASC Approved 05-06
For Optional Use

**NOTICE OF CASE ASSIGNMENT –**

**UNLIMITED CIVIL CASE**

Page 2 of 2

23

# VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California
County of Los Angeles**



**Los Angeles County
Bar Association
Litigation Section**

**Los Angeles County
Bar Association Labor and
Employment Law Section**



**Consumer Attorneys
Association of Los Angeles**



**Southern California
Defense Counsel**



**Association of
Business Trial Lawyers**



**California Employment
Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◆**Los Angeles County Bar Association Litigation Section**◆

◆ **Los Angeles County Bar Association
Labor and Employment Law Section**◆

◆**Consumer Attorneys Association of Los Angeles**◆

◆**Southern California Defense Counsel**◆

◆**Association of Business Trial Lawyers**◆

◆**California Employment Lawyers Association**◆

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | FAX NO. (Optional): | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION – EARLY ORGANIZATIONAL MEETING** | CASE NUMBER: |
|---|---|

This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.

**The parties agree that:**

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following:*

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

25

| SHORT TITLE: | | CASE NUMBER: |
| --- | --- | --- |
| | | |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

   h.  Computation of damages, including documents not privileged or protected from disclosure, on which such computation is based;

   i.  Whether the case is suitable for the Expedited Jury Trial procedures (see information at www.lasuperiorcourt.org under "Civil" and then under "General Information").

2.  The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation.

                  (INSERT DATE)                   (INSERT DATE)

3.  The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4.  References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____   ▶  _____
     (TYPE OR PRINT NAME)                 (ATTORNEY FOR PLAINTIFF)

Date:

_____   ▶  _____
     (TYPE OR PRINT NAME)                 (ATTORNEY FOR DEFENDANT)

Date:

_____   ▶  _____
     (TYPE OR PRINT NAME)                 (ATTORNEY FOR DEFENDANT)

Date:

_____   ▶  _____
     (TYPE OR PRINT NAME)                 (ATTORNEY FOR DEFENDANT)

Date:

_____   ▶  _____
     (TYPE OR PRINT NAME)                 (ATTORNEY FOR _____)

Date:

_____   ▶  _____
     (TYPE OR PRINT NAME)                 (ATTORNEY FOR _____)

Date:

_____   ▶  _____
     (TYPE OR PRINT NAME)                 (ATTORNEY FOR _____)

LACIV 229 (new)
LASC Approved 04/11      **STIPULATION – EARLY ORGANIZATIONAL MEETING**      Page 2 of 2

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:      FAX NO. (Optional): | | |
| E-MAIL ADDRESS (Optional): | | |
| ATTORNEY FOR (Name): | | |

### SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| COURTHOUSE ADDRESS: |
|---|
| PLAINTIFF: |
| DEFENDANT: |

| STIPULATION -- DISCOVERY RESOLUTION | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.**

**The parties agree that:**

1.  Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2.  At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3.  Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

    a.  The party requesting the Informal Discovery Conference will:

        i.   File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

        ii.  Include a brief summary of the dispute and specify the relief requested; and

        iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

    b.  Any Answer to a Request for Informal Discovery Conference must:

        i.   Also be filed on the approved form (copy attached);

        ii.  Include a brief summary of why the requested relief should be denied;

---

| SHORT TITLE: | CASE NUMBER: |
|---|---|
|  |  |

   iii.   Be filed within two (2) court days of receipt of the Request; and

   iv.   Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

  c.  No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

  d.  If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied. If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

  e.  If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.  If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.  The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court. .

It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.  Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.  Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.  References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

| SHORT TITLE: | | CASE NUMBER: |
|---|---|---|

**The following parties stipulate:**

Date:

        (TYPE OR PRINT NAME)         ►        (ATTORNEY FOR PLAINTIFF)

Date:

        (TYPE OR PRINT NAME)         ►        (ATTORNEY FOR DEFENDANT)

Date:

        (TYPE OR PRINT NAME)         ►        (ATTORNEY FOR DEFENDANT)

Date:

        (TYPE OR PRINT NAME)         ►        (ATTORNEY FOR DEFENDANT)

Date:

        (TYPE OR PRINT NAME)         ►        (ATTORNEY FOR _____)

Date:

        (TYPE OR PRINT NAME)         ►        (ATTORNEY FOR _____)

Date:

        (TYPE OR PRINT NAME)         ►        (ATTORNEY FOR _____)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:                    FAX NO. (Optional): | | |
| E-MAIL ADDRESS (Optional): | | |
| ATTORNEY FOR (Name): | | |

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **INFORMAL DISCOVERY CONFERENCE**<br>(pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1. This document relates to:
   - ☐  Request for Informal Discovery Conference
   - ☐  Answer to Request for Informal Discovery Conference

2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request).

3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).

4. For a Request for Informal Discovery Conference, **briefly** describe the nature of the discovery dispute, including the facts and legal arguments at issue.  For an Answer to Request for Informal Discovery Conference, **briefly** describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.

LACIV 094 (new)
LASC Approved 04/11

## INFORMAL DISCOVERY CONFERENCE
(pursuant to the Discovery Resolution Stipulation of the parties)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | FAX NO. (Optional): | |

### SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION AND ORDER – MOTIONS IN LIMINE | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

| SHORT TITLE: | CASE NUMBER: |
|---|---|

**The following parties stipulate:**

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR PLAINTIFF)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR _____)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR _____)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR _____)

**THE COURT SO ORDERS.**

Date: _____

_____
JUDICIAL OFFICER

LACIV 075 (new)
LASC Approved 04/11    **STIPULATION AND ORDER – MOTIONS IN LIMINE**    Page 2 of 2

32

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

Arent Fox LLP, Gas Company Tower, 555 West Fifth Street, 48th Floor, Los Angeles, CA 90013.

A true and correct copy of the foregoing document entitled (*specify*): **NOTICE OF REMOVAL OF ACTION STYLED** ***WILSHIRE ESCROW COMPANY V. HOLY HILL COMMUNITY CHURCH, ET AL., CASE NO. BC537444*** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General <u>08/31/2015</u> I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) <u>08/31/2015</u>, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____**,** I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| <u>08/31/2015</u> | AMANDA KYERETWIE | */s/ Amanda Kyeretwie* |
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                           **F 9013-3.1.PROOF.SERVICE**

AFDOCS/12416224.1

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):**

Richard T Baum on behalf of Debtor Holy Hill Community Church
rickbaum@hotmail.com, rickbaum@ecf.inforuptcy.com

Bernard D Bollinger, Jr on behalf of Creditor 1111 Sunset, LLC and Downtown Capital, LLC
bbollinger@buchalter.com, IFS_filing@buchalter.com;smartin@buchalter.com

Bernard D Bollinger, Jr on behalf of Creditor Downtown Capital, LLC
bbollinger@buchalter.com, IFS_filing@buchalter.com;smartin@buchalter.com

Bernard D Bollinger, Jr on behalf of Interested Party Courtesy NEF
bbollinger@buchalter.com, IFS_filing@buchalter.com;smartin@buchalter.com

J Scott Bovitz on behalf of Creditor Andrew Kim
bovitz@bovitz-spitzer.com

J Scott Bovitz on behalf of Creditor Jong Chun Suh
bovitz@bovitz-spitzer.com

J Scott Bovitz on behalf of Plaintiff John J. Suh
bovitz@bovitz-spitzer.com

Jaenam J Coe on behalf of Debtor Holy Hill Community Church
coelaw@gmail.com

M Douglas Flahaut on behalf of Trustee Richard J Laski (TR)
flahaut.douglas@arentfox.com

Barry S Glaser on behalf of Interested Party Courtesy NEF
bglaser@swesq.com, erhee@swesq.com

Melanie Scott Green on behalf of U.S. Trustee United States Trustee (LA)
Melanie.green@usdoj.gov

Michelle S Grimberg on behalf of Creditor Alpine Parking Services, LLC
msg@lnbrb.com, angela@lnbrb.com

Andy Kong on behalf of Interested Party Courtesy NEF
Kong.Andy@ArentFox.com

Andy Kong on behalf of Plaintiff Dana Park
Kong.Andy@ArentFox.com

Andy Kong on behalf of Trustee Richard J Laski
Kong.Andy@ArentFox.com

Andy Kong on behalf of Trustee Richard J Laski (TR)
Kong.Andy@ArentFox.com

Richard J Laski (TR)
rlaski@wilshirellc.com

Kenneth G Lau on behalf of U.S. Trustee United States Trustee (LA)

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*

**F 9013-3.1.PROOF.SERVICE**

AFDOCS/12416224.1

kenneth.g.lau@usdoj.gov

Won Lee on behalf of Creditor Lee Law Offices
dlee@leelawltd.com

Won Lee on behalf of Debtor Holy Hill Community Church
dlee@leelawltd.com

Matthew A Lesnick on behalf of Interested Party Courtesy NEF
matt@lesnickprince.com, tmims@lesnickprince.com;matt@ecf.inforuptcy.com

Marvin Levy on behalf of Creditor Dana Park
l-levy@sbcglobal.net, G6266@notify.cincompass.com

Marvin Levy on behalf of Plaintiff Dana Park
l-levy@sbcglobal.net, G6266@notify.cincompass.com

Aram Ordubegian on behalf of Interested Party Courtesy NEF
ordubegian.aram@arentfox.com

Aram Ordubegian on behalf of Trustee Richard J Laski (TR)
ordubegian.aram@arentfox.com

David J Richardson on behalf of Creditor Parker Shumaker Mills, LLP
drichardson@sulmeyerlaw.com, drichardson@ecf.inforuptcy.com

David J Richardson on behalf of Interested Party Courtesy NEF
drichardson@sulmeyerlaw.com, drichardson@ecf.inforuptcy.com

Victor A Sahn on behalf of Creditor Law Offices of Carl J. Sohn
vsahn@sulmeyerlaw.com,
agonzalez@sulmeyerlaw.com,agonzalez@ecf.inforuptcy.com;asokolowski@sulmeyerlaw.com;vsahn@ecf.inforuptcy.com

Victor A Sahn on behalf of Creditor Parker Mills, LLP
vsahn@sulmeyerlaw.com,
agonzalez@sulmeyerlaw.com,agonzalez@ecf.inforuptcy.com;asokolowski@sulmeyerlaw.com;vsahn@ecf.inforuptcy.com

Victor A Sahn on behalf of Creditor Parker Shumaker & Mills
vsahn@sulmeyerlaw.com,
agonzalez@sulmeyerlaw.com,agonzalez@ecf.inforuptcy.com;asokolowski@sulmeyerlaw.com;vsahn@ecf.inforuptcy.com

Victor A Sahn on behalf of Creditor Parker Shumaker Mills, LLP
vsahn@sulmeyerlaw.com,
agonzalez@sulmeyerlaw.com,agonzalez@ecf.inforuptcy.com;asokolowski@sulmeyerlaw.com;vsahn@ecf.inforuptcy.com

Victor A Sahn on behalf of Interested Party Courtesy NEF
vsahn@sulmeyerlaw.com,
agonzalez@sulmeyerlaw.com,agonzalez@ecf.inforuptcy.com;asokolowski@sulmeyerlaw.com;vsahn@ecf.inforuptcy.com

Alla Tenina on behalf of Broker LBC Solutions
sashavk_1@yahoo.com, alex@teninalaw.com;alla@teninalaw.com

United States Trustee (LA)
ustpregion16.la.ecf@usdoj.gov

Michael L Wachtell on behalf of Creditor 1111 Sunset, LLC and Downtown Capital, LLC

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

mwachtell@buchalter.com

Scott L Whitman on behalf of Interested Party Courtesy NEF
slw@mwlegal.com, holly@mwlegal.com

Vanessa H Widener on behalf of Interested Party Courtesy NEF
vhw@amclaw.com, lmg@amclaw.com

Clarisse Young on behalf of Interested Party Courtesy NEF
youngshumaker@smcounsel.com, levern@smcounsel.com

## 2. SERVED BY UNITED STATES MAIL:

### JUDGE

Honorable Julia W. Brand
United States Bankruptcy Court
255 E. Temple Street, Suite 1382
Los Angeles, CA 90012

### REQUEST FOR SPECIAL NOTICE

W Dan Lee on behalf of Debtor Holy Hill Community
Church
Lee Law Offices
5670 Wilshire Blvd Ste 2150
Los Angeles, CA 90036

### INTERESTED PARTY

Dana Park
2271 W. Malvern Ave., #270
Fullerton, CA 92833

Dana Park
3530 Wilshire Blvd. Ste 1850
Los Angeles, CA 90010

Dana Park Beverly Hills Real Investment LLC
1021 W. Oak Hills Ct.
La Habra, CA 90631

 Scott L. Whitman, Inc., APLC
5670 Wilshire Boulevard, Suite 2170
Los Angeles, California 90036

Wilshire Escrow Company
ATTN: ERIC SHEWFELT
Agent for Service of Process
4270 Wilshire Blvd.
Los Angeles, CA 90010

David Park
3530 Wilshire Blvd., Ste 1850
Los Angeles, CA 90010

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                **F 9013-3.1.PROOF.SERVICE**
AFDOCS/12416224.1

Lawrence J. Dreyfuss,
Bruce W. Dannemeyer
The Dreyfuss Firm
A Professional Law Corporation
7700 Irvine Center Drive, Suite 710
Irvine, California 92618

Buchalter Nemer
A Professional Corporation
Michael L. Wachtell
Richard P. Ormond
Pooya E. Sohi
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA 90017-2457

Law Offices Of Carl James Sohn
Carl J. Sohn
11900 Shasta Circle
Cerritos, California 90703

Chan Hyo Tak
8346 Charloma Drive
Downey, CA 90240-3312

1111 Sunset Blvd LLC
1855 Industrial Street
Suite 106
Los Angeles, CA 90021-1239

Downtown Capital, LLC
2121 E 7th Place #104
Los Angeles, CA 90021-1762

Joong Chil Kim
234 Rimpau Boulevard
Los Angeles, CA 90004-3733

Moon Kon Kyu Yu
2049 Wilshire Ave.
Hacienda Heights, CA 91745-3448

Sung Yeol Yim and In Rea Yim
11715 La Tierra Court
Northridge, CA 91326-1939

Dong Sub Bang
c/o Howard B. Kim, Esq.
3055 Wilshire Blvd., Suite 1040
Los Angeles, CA 90010

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*

AFDOCS/12416224.1

**F 9013-3.1.PROOF.SERVICE**