Aram Ordubegian (SBN 185142)
Andy S. Kong (SBN 243933)
**ARENT FOX LLP**
555 West Fifth Street, 48th Floor
Los Angeles, CA  90013-1065
Telephone:    213.629.7400
Facsimile:    213.629.7401
aram.ordubegian@arentfox.com
andy.kong@arentfox.com

Attorneys for Richard J. Laski, Chapter 11 Trustee

FILED & ENTERED

DEC 17 2015

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY beauchamDEPUTY CLERK

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**LOS ANGELES DIVISION**

| | |
|---|---|
| In re<br><br>**HOLY HILL COMMUNITY CHURCH,**<br><br>Debtor. | Case No. 2:14-bk-21070-WB<br><br>Chapter 11<br><br>**ORDER CONFIRMING SECOND AMENDED CHAPTER 11 PLAN OF REORGANIZATION OF CHAPTER 11 TRUSTEE DATED NOVEMBER 3, 2015**<br><br><u>Confirmation Hearing</u>:<br>DATE:    November 19, 2015<br>TIME:    10:00 a.m.<br>PLACE:   Courtroom 1375<br>         255 East Temple Street<br>         Los Angeles, CA 90012 |

**IN THIS DISTRICT, AT LOS ANGELES, CALIFORNIA, ON THE DATE INDICATED BELOW:**

On November 19, 2015 at 10:00 a.m., a continued plan confirmation hearing was held before the Honorable Julia W. Brand, United States Bankruptcy Judge, to consider confirmation of the *Second Amended Chapter 11 Plan of Reorganization of Chapter 11 Trustee dated November 3, 2015* [Docket No. 392] (the "Plan") filed by Richard J. Laski, the chapter 11 trustee (the "Trustee") of the above-captioned bankruptcy estate (the "Estate"). Appearances were as set forth on the Court's record. All capitalized terms used herein shall have the meaning ascribed to them in the Plan unless otherwise defined.

The Court has reviewed the Plan, filed as **_Exhibit A_** *Re: Order Confirming Second Amended Chapter 11 Plan of Reorganization Of Chapter 11 Trustee Dated November 3, 2015* on December 7, 2015 [Dkt No. 393], and all notices, exhibits, declarations, and other documents filed in support thereof; objection to the Plan filed by 1111 Sunset Boulevard, LLC [Dkt No. 365]; the Trustee's reply thereto [Dkt No. 370]; all other pleadings and evidence submitted in connection with the Plan; the complete record in the above-captioned case; and the arguments and representations made by counsel at the Plan confirmation hearings and during the course of this bankruptcy case.

**THE COURT HEREBY FINDS AND CONCLUDES AS FOLLOWS:**

1. Based on its review and consideration of the pleadings and arguments listed above, the Court makes the following findings of fact and conclusions of law. This Order constitutes the Court's findings of fact and conclusions of law under Rules 7052 and 9014 of the Federal Rules of Bankruptcy Procedure. Any finding of fact constitutes a finding of fact even if it is stated as a conclusion of law, and any conclusion of law constitutes a conclusion of law even if it is stated as a finding of fact.

2. This matter is a core proceeding over which the Court has jurisdiction under 28 U.S.C. §§ 157(b) and 1334(a). This proceeding's venue is proper under 28 U.S.C. §§ 1408 and 1409.

3. The Trustee provided notice of the Plan confirmation hearing and of the time fixed for filing objections to Plan confirmation to all entities entitled to receive that notice, including all of the Estate's known creditors and interested parties. The Trustee also published the notice of

the Plan confirmation hearing and of the time fixed for filing objections to the Plan in The Korea Times and the Los Angeles Times which was reasonably calculated to reach the widest potential creditors and interested parties and provide sufficient notice [Dkt No. 346].  That notice and publication fully and adequately described the requested relief; was reasonable and appropriate; and complied in all regards with due process.  That notice and publication also complied with the applicable provisions of: (a) the Bankruptcy Code; (b) the Federal Rules of Bankruptcy Procedure, including Bankruptcy Rules 2002, 3017, 3018, and 3019; (c) the Local Bankruptcy Rules for the Central District of California; and (d) all relevant Orders of the Court.

4. There are no impaired classes under the Plan under 11 U.S.C. §§ 1123 and 1129 and Bankruptcy Rule 3017(d).  The Plan provides for the payment of all Allowed Claims in full with surplus funds being used to purchase a church or churches for the Reorganized Debtor, among other expenses.  Accordingly, each class is deemed to accept the Plan, and there is no reason to solicit acceptances or rejections of the Plan by way of a disclosure statement.

5. The Trustee has satisfied each and every requirement of Sections 1129(a) and 1129(b) of Title 11 of 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code") necessary for this Court to confirm the Plan.

6. The Plan complies with the provisions of Section 1122(a) of the Bankruptcy Code in that the Plan places "a claim or an interest in a particular class only if such claim or interest is substantially similar to the other claims or interests in such class."

7. The Plan complies with the provisions of Section 1123(a)(1) of the Bankruptcy Code in that the Plan designates classes of claims other than claims of the kind specified in Section 507(a)(1), (2) and (8) of the Bankruptcy Code and classes of interests.

8. The Plan complies with the provisions of Section 1123(a)(2) of the Bankruptcy Code in that the Plan specifies those classes of claims or interests that are not impaired.

9. The Plan complies with the provisions of Section 1123(a)(3) of the Bankruptcy Code in that the Plan specifies that there are no impaired classed under the Plan.

10. The Plan complies with the provisions of Section 1123(a)(4) of the Bankruptcy Code in that the Plan provides the same treatment for each claim or interest of a particular class, unless the holder of a particular claim or interest agreed to less favorable treatment.

11. The Plan complies with the provisions of Section 1123(a)(5) of the Bankruptcy

Code in that the Plan along with the Declaration of Richard J. Laski filed in support thereof [Dkt No.364] provides adequate means for the Plan's implementation.

12. Section 1123(a)(6) of the Bankruptcy Code prohibits the issuance of non-voting equity securities and requires that reorganized debtors' charters so provide. The Plan does not provide for the issuance of non-voting equity securities and so this Section is inapplicable.

13. The Plan complies with the provisions of Section 1123(a)(7) of the Bankruptcy Code in that the Plan contains only provisions that are consistent with the interests of creditors and equity security holders and with public policy with respect to the manner of selection of any officer, director, or trustee.

14. The Plan complies with the provisions of Section 1123(b)(1) of the Bankruptcy Code in that the Plan either impairs or leaves any class of claims, whether secured or unsecured, or of interests, unimpaired under the Plan.

15. The Plan complies with the provisions of Section 1123(b)(2) of the Bankruptcy Code in that the Plan provides for the assumption, rejection or assignment of any executory contract or unexpired lease not previously rejected.

16. The Plan complies with the provisions of Section 1123(b)(3) of the Bankruptcy Code in that the Plan provides for "the settlement or adjustment of any claim or interest belonging to the debtor or to the estate," and/or "the retention and enforcement by the debtor, by the trustee, or by a representative of the estate appointed for such purpose, of any such claim or interest."

17. The Plan complies with the provisions of Section 1129(a)(1) of the Bankruptcy Code in that the Plan complies with the applicable provisions of Chapter 11 of the Bankruptcy Code.

18. The Plan complies with the provisions of Section 1129(a)(2) of the Bankruptcy Code in that the Trustee has complied with the applicable provisions of Chapter 11 of the Bankruptcy Code.

19. The Plan complies with the provisions of Section 1129(a)(3) of the Bankruptcy Code in that the Trustee has proposed the Plan in good faith and not by any means forbidden by law.

20. The Plan complies with the provisions of Section 1129(a)(4) of the Bankruptcy Code in that any payment made or to be made under the Plan for services or for costs and

expenses in or in connection with the above-captioned bankruptcy case, or in connection with the Plan and incident to the bankruptcy case, have been approved by, or are subject to the approval of, this Court as reasonable.

21. The Plan complies with the provisions of Section 1129(a)(5)(A) of the Bankruptcy Code in that (a) the Trustee disclosed the identity and affiliations of any individual proposed to serve, after confirmation of the Plan, as a director, officer, or voting trustee of the Reorganized Debtor or that will be a successor to the Reorganized Debtor under the Plan, and (b) the appointment to, or continuance in, such office of such individual, is consistent with the interests of creditors and equity security holders and with public policy.

22. The Plan complies with the provisions of Section 1129(a)(5)(B) of the Bankruptcy Code in that the Plan discloses "the identity of any insider that will be employed or retained by the reorganized debtor, and the nature of any compensation for such insider."

23. Section 1129(a)(6) of the Bankruptcy Code is inapplicable to the Plan.

24. The Plan complies with the provisions of Section 1129(a)(7) of the Bankruptcy Code in that in that, while there are no impaired classes of claims or interests under the Plan, each holder of a claim or interest has either (a) accepted the Plan or (b) will receive or retain under the Plan on account of such claim or interest property of a value, as of the Effective Date of the Plan, that is not less than the amount that such holder would receive or retain if the Estate was liquidated under Chapter 7 of the Bankruptcy Code.

25. No class of creditors is impaired under the Plan. Additionally, because the Debtor is a non-profit religious corporation duly organized under the state laws of California, there are no interest holders. Therefore, the Plan does not impair any class of creditors or interest holders, and the Plan complies with 11 U.S.C. § 1129(a)(8).

26. The Plan complies with the provisions of Section 1129(a)(9) of the Bankruptcy Code.

27. Section 1129(a)(10) requires that at least one class of claims that is impaired under the plan has voted to accept the plan, determined without including any acceptance of the plan by any insider. As stated in this Order, there are no impaired classes under the Plan and no voting is required.

28. The Plan complies with the provisions of Section 1129(a)(11) of the Bankruptcy

Code in that the Plan is feasible and confirmation of the Plan is not likely to be followed by the liquidation, or the need for further financial reorganization, of the Debtor, unless such liquidation or reorganization is proposed in the Plan.

29. The Plan complies with the provisions of Section 1129(a)(12) of the Bankruptcy Code in that all fees payable under Section 1930 of Title 28 have been paid or the Plan provides for the payment of all such fees on the Effective Date of the Plan.

30. Section 1129(a)(13) of the Bankruptcy Code is inapplicable to the Plan.

31. The Plan satisfies Section 1129(b)(1) of the Bankruptcy Code because the Plan does not discriminate unfairly and any discrimination is proposed in good faith and is supported by a reasonable basis.

32. The primary purpose of the Plan is not avoidance of taxes or avoidance of the requirements of Section 5 of the Securities Act of 1933, as amended, and there has been no objection filed by any governmental unit asserting such avoidance. Thus, the Plan complies with Section 1129(d) of the Bankruptcy Code.

33. There has been sufficient notice of the procedures and deadlines for asserting rejection damages and cure claims as set forth in the Plan and no further or other notice is necessary.

34. Based on the foregoing, the Plan should be confirmed pursuant to the provisions of Section 1129(a) and (b) of the Bankruptcy Code as the Trustee has satisfied each and every applicable provision of Section 1123 and Section 1129 of the Bankruptcy Code.

35. Plan implementation: The Trustee, Reorganized Debtor, Disbursing Agent, and the Principal are all authorized to execute and deliver any and all documents and instruments, and take any and all actions necessary or desirable to implement the Plan and this Order and to effect any other transaction contemplated therein or thereby. To effectuate the Plan and such transactions, the officers or responsible representatives of the Trustee, Reorganized Debtor, Disbursing Agent, and the Principal are authorized, without further notice or application to or order of the Court, to execute, deliver, file, or record such agreements or documents, and to take such other actions as any such individual may determine to be necessary or desirable to effectuate the Plan and such transactions, regardless of whether such actions or documents are specifically referred to in the Plan or this Order.

The approvals and authorizations specifically set forth in this Order are nonexclusive and are not intended to limit the authority of the Trustee, Reorganized Debtor, Disbursing Agent, or the Principal or any officer thereof to take any and all actions necessary or appropriate to implement, effectuate, and consummate any and all documents or transactions contemplated by the Plan or this Order pursuant to 11 U.S.C. § 1142(b) to section 1142 of the Bankruptcy Code. Pursuant to 11 U.S.C. § 1142, to the extent that, under applicable nonbankruptcy law or the rules of any stock exchange, any of the foregoing actions that would otherwise require approval of the equity holders or directors (or any equivalent body) of the Debtor or Reorganized Debtor, such approval shall be deemed to have occurred and shall be in effect from and after the Effective Date pursuant to the applicable law of the jurisdiction of incorporation or formation without any requirement of further action by the equity holders or directors (or any equivalent body) of the Debtor and Reorganized Debtor.

**BASED UPON ALL OF THE FOREGOING, IT IS HEREBY ORDERED AS FOLLOWS:**

A. The Plan, filed as ***Exhibit A*** *Re: Order Confirming Second Amended Chapter 11 Plan of Reorganization Of Chapter 11 Trustee Dated November 3, 2015* on December 7, 2015 [Dkt No. 393] and is incorporated into this Order by reference, is hereby **CONFIRMED** pursuant to Section 1129(a) of the Bankruptcy Code. Any objections to the Plan and/or the Plan that have not been consensually resolved or otherwise provided for herein are hereby overruled. In the event of any inconsistency between the Plan and the provisions of this Order, the provisions of this Order are controlling.

B. The four (4) factions and the authorized representatives thereof purporting to be the ruling elders and/or the rightful elders of the Debtor are attached to the Plan as Exhibit "4". There are no other factions purporting to be the ruling elders of the Debtor and all other factions or individuals are hereby enjoined from claiming to be a ruling or rightful elder of the Debtor.

C. The Effective Date of the Plan shall be the later of: (a) fifteen (15) days following the date of the entry of this Order unless the fifteenth day falls on a weekend, then the Effective Date shall be the first business day thereafter; or (b) January 1, 2016. If there is a stay in effect, the Effective Date shall be the first business day after the stay is no longer in effect with respect to this Order.

D.  Other than the executory contracts and unexpired leases expressly assumed pursuant to the Plan and this Order, all other executory contracts and unexpired leases shall be deemed rejected on the Effective Date but effective as of the Petition Date.

E.  The provisions of the Plan and this Order and the final Order confirming the Plan shall be binding on the Debtor, the Estate, the Trustee, Reorganized Debtor, the Disbursing Agent, the Principal, any entity acquiring property under the Plan, and any and all of the Estate's creditors, equity security holders, and/or any other claim and/or interest holder, including, without limitation, the holder of any claim of a kind specified in 11 U.S.C. § 502(g), (h) or (i), whether or not: (1) a proof of claim based on such a debt is filed or deemed filed under 11 U.S.C. § 501; (2) such claim is allowed under 11 U.S.C. § 502; or (3) the holder of such claim has accepted the Plan.

F.  Any judgment at any time obtained in any other court, to the extent that such judgment is a determination of the liability of the Debtor with respect to any debt that is discharged under the Plan, is void without further action required by any parties.

G.  The commencement or continuation of any action, the employment of process, or any act to collect or recover, any debts and/or claims against the Debtor and/or the Estate are hereby forever enjoined, except as otherwise set forth in the Plan or this Order.

H.  Except as otherwise provided in the Plan, on the Effective Date, all of the Estate's claims and causes of action pursuant to 11 U.S.C. sections 544-551 shall be transferred and assigned to the Reorganized Debtor, free and clear of all liens and claims against the Debtor and Reorganized Debtor and all equity interests in the Debtor and Reorganized Debtor, except as otherwise set forth in the Plan.

I.  On the Effective Date, any unexpired lease or executory contract not expressly assumed by the Trustee in conjunction with and as of the confirmation of the Plan or which has not been previously rejected by the Trustee during this case, shall be, and is hereby, rejected, and, unless claims based upon rejection of these executory contracts and/or unexpired leases are filed timely pursuant to Bankruptcy Rules, the Plan and this Order, they shall be forever barred.

J.  All claims against or assertions of interest in the Debtor and/or the Estate not filed on or before the applicable bar date set by this Court, or not otherwise allowed in accordance with the Bankruptcy Code and Bankruptcy Rules, shall be forever barred whether such claims or

interests arose before or after the Petition Date, except those fees of professionals that are entitled to priority.

K. Claim holders shall not receive any distribution from the Estate, Reorganized Debtor, or Disbursing Agent other than as specifically set forth in the Plan.

L. The Trustee, Reorganized Debtor, the Disbursing Agent, and the Principal shall be, and is hereby, authorized and empowered to execute any and all documents and take such other actions as may be necessary to implement the provisions of the Plan. Furthermore, the Principal shall have the sole and exclusive authority and control over the Reorganized Debtor with oversight, as necessary, from the Bankruptcy Court.

M. Except as otherwise provided in this Order or the Plan, the treatment set forth in the Plan shall be in full and complete satisfaction of the legal, contractual, and equitable rights that each entity holding a claim or an equity interest may have in or against the Debtor, the Estate, the Reorganized Debtor, the Disbursing Agent, or their respective property. This treatment supersedes and replaces any agreements or rights those entities may have in or against the Debtor, the Estate, the Reorganized Debtor, the Disbursing Agent, or their respective property.

N. The exculpation and limitation of liability provisions contained in the Plan are approved.

O. This Court shall, and it hereby does, retain jurisdiction over this case in the manner described in the Bankruptcy Code.

P. The provisions of the Plan and this Order, including the findings of fact and conclusions of law set forth herein, are non-severable and mutually dependent.

Q. As and when the Plan has been substantially consummated, or it is otherwise appropriate, the Reorganized Debtor, or such other party as may be proper, shall move the Court, pursuant to Section 350 of the Bankruptcy Code and Bankruptcy Rule 3022, for a final decree and order closing the cases.

//
//
//
//
//

R.   A post-confirmation status conference is hereby scheduled for March 24, 2016 at 10:00 a.m. The Reorganized Debtor, or such other party as may be proper, shall file a post-confirmation status report at least fourteen (14) days prior to the status conference. A separate notice of the post-confirmation status conference is not required.

### #

Date: December 17, 2015

*Julia W Brand*
Julia W. Brand
United States Bankruptcy Judge